## MASTERSON v. GIRARD'S HEIRS.

1. Although in shis State, an administrator, by statute, is invested with power to rent the real estate of his decedent, and under its construction may recover rents accruing on a demise of his decedent, yet until the administrator asserts this power by notice to the tenant, or by actual suit, the heir may sue for and recover the rent falling due after the death of his ancestor.

Writ of error to the County Court of Mobile.

COVENANT by A. A. and A. J. Girard, as heirs of Edward Girard, deceased, against Masterson, on a lease executed by Masterson to the decedent, in his life, for a tenement in the city of Mobile, reserving a monthly rent of $25, from the 1st July, 1839, to the 1st July, 1844. The declaration is in the usual form, and avers the breach in not paying the rent to the plaintiffs after their ancestor's death, which is averred to have happened on the 1st January, 1840, and that afterwards, from thence to 1st November of the same year, ten months rent were in arrears, and unpaid.

The defendant pleaded, "that when the cause of action is alledged to have accrued, and for ten months preceding the 1st November, 1841, the estate of Girard was in the course of settlement in the Orphans' Court, and one Julia Girard was administratrix, duly appointed, &c. and that the said estate was not settled when the suit was commenced. And this, &c.

The plaintiff demurred to this plea, and the court sustained the demurrer.

This is assigned as error.

J. F. ADAMS, for the plaintiff in error, cited Clay's Dig. 199, § 36, and insisted, under this act, the administratrix was the proper person to sue. Also, that under the law of this State the heirs could not sue until after a final settlement of the estate. [Philips v. Gray, 3 Ala. Rep. 226 ; Harkins v. Pope, June term, 1836.]

K. B. SEWALL, contra, insisted, the statute referred to only gives the naked power to the administrator to lease the estate of his intestate, and the estate descends to the heir, subject to the exercise of this power. To show the right of the heirs to sue, he cited 1 Lomax Ex. 295 ; Van Rensalear v. Platner, 2 John. Cases, 21 ; Wright v. Williams, 5 Cowen, 502 ; Terry v. Ferguson, 8 Porter, 500 ; Leavins v. Butler, Ib. 380 ; Bridgewater v. Buckfield, 3 Cowen, 299.

GOLDTHWAITE, J.—It seems not to admit of question that by the common law the heir succeeds to rents reserved by his ancestor out of the inherited estate, and may sue for those which fell due after the death of the ancestor. [1 Lomax Dig. 546, § 15 ; Wright v. Williams, 5 Cowen, 501.] This indeed is not denied, but the defendant insists the rule is different in consequence of the act of 1839. By that it is made lawful for administrators and executors to rent, at public outcry, the real estate of any decedent, until a final settlement of said decedent's estate is effected ; and the proceeds shall be assets in the hands of such executors and administrators. [Dig. 199, § 36.] If the terms of that act only are looked to, it is clear they will not extend to divest the right of the heir ; but this act is only one of many which seem together, to constitute a system, and create some important modifications of the common law incidents of descents. Thus by a general statute the real estate of a decedent is made chargeable with his debts. [Dig. 101, § 1.] And by several others, the administrator is invested with the power to proceed in the orphans' court so as to obtain a decree for the

sale of the lands, when the personal estate is insufficient to pay the debts, (Ib. 192, § 2 ; 224, § 16,) or for the purpose of making more equal distribution between the heirs. [Ib. 224, § 16.] As the power is given to the administrator under these circumstances, to cause the lands to be sold, there is great reason to suppose the act of 1839 was to enable the same functionary to obtain control of the rents derivable from the real estate in those cases when in his discretion the interest of the estate will be promoted by resorting to this course. This is the more probable, as by our statutes of descents and distribution, the real and personal estates go to the same person when the debts are paid. There can be no injury to the heir when the rents of the real estate are expended in aid of the personal estate, as this diminishes the chances for requiring a sale of the real estate. In accordance with these views, we have held, the administrator may bring the action for forcible detainer, &c. against a tenant holding over. [Phillips v. Gray, 3 Ala. Rep. 226.] And that he is entitled to sue for rent due, on an implied agreement for use and occupation falling due after the death of his intestate. [Harkins v. Pope, at this term.] These decisions indicate, that whenever the decedent was possessed of the estate at his death, the administrator may entertain the necessary suit to regain possession, or even to partition the land.

But we apprehend, the estate, notwithstanding, descends to the heir, and that he is invested with the title, and may exert it with all its incidents until the administrator by notice to the tenant, or by actual suit, indicates his intention to assert the power reposed in him by the statute. It is true, this involves the difficulty, that a suit commenced by the heir, might be defeated by the claim of the administrator, but we apprehend this is not more serious than is already experienced when a sale is made by the heir after his ancestor's death. In either case we apprehend the title and right of the heir is subject to the exercise of the statute power, but where the power is not asserted or exercised by the administrator, we consider the heir is entitled to the estate, and its incidents, as at common law.

The result of these conclusions, in the present case, is, that

the plaintiffs are entitled to this action, and the facts stated in the plea present no bar.

Judgment affirmed.