## CHIGHIZOLA *vs.* LE BARON, EXECUTOR.

1. Where a testator devises and bequeaths to his children a certain portion of his real estate and all of his personal estate, "to be distributed when required, at mature age or majority, in equal parts," the authority to make distribution confers upon the executor a naked power merely, uncoupled with any interest, and, in the absence of a devise to him or words of implication, gives him no right to the possession or control of the lands.

2. In such case, the word "distributed" simply postpones the division of the estate to the time fixed by the will; and until that time arrives, and the real estate is divided, the devisees take as tenants in common.

3. The statutes of this State authorizing an executor to sell or rent the lands of the testator do not, of themselves, intercept the passing of the estate to the heirs or devisees, who may assert their title, with all its incidents, until the executor exerts the power reposed in him by the statute.

4. The power to rent, conferred by statute upon the executor, is a bare authority, and must be strictly pursued; and if the lands are not leased at public outcry, according to the requisitions of the statute, it cannot be regarded as a due execution of the power, and does not in any manner affect the rights of the devisees.

5. Where the same clause of a will contains both a devise and a legacy to the children of the testator, "to be distributed when required, at mature age or majority, in equal parts," and present words of bequest are used, the word "distributed," with reference to the personal property, will be construed as synonymous with "divided," and as postponing, not its distribution, but its division among the legatees, until the period fixed by the testator.

6. The statute authorizing "any person entitled to a legacy or any estate by will," to proceed against the executor after the lapse of eighteen months, (Clay's Digest, 196, §§ 23, 24,) was not intended to apply to devises of which the executor had no control, and in relation to which he had exercised none of the powers conferred on him by law; and in such case the executor can. not, under the statute, be held responsible in his representative character for the rents or possession of the land, the subject of such devise.

7. When an executor, in his answer to a citation requiring him to make distribution and a final settlement, alleges "that suits are pending against him as executor," but does not give any statement or description of them, nor refer to any record or schedule of them, the answer is insufficient, and demurrable for that reason.

8. The proper practice, however, in such case, would be, to raise the objection by exceptions to the answer, rather than by demurrer.

APPEAL from the Court of Probate of Mobile.

On the 25th April, 1852, Clara Chighizola filed her petition in the Court of Probate, in behalf of herself individually, and as guardian of Anna Chighizola, Louisa Chighizola and John Baptiste Chighizola, who were her children and minors, propounding her own interest, and that of her said children, in the estate of her late husband, Goakomo Chighizola, under his last will and testament; and praying for a citation against Charles Le Baron, who is alleged to have qualified as executor on the 21st February, 1850, and to have collected the estate and paid all the debts of the testator, requiring him to make a final settlement of the estate, or show cause why he should not. The petitioner further prayed, that her individual share of the estate under the will might be delivered into her possession, and that the shares of the said minor children might also be delivered into her possession, as their guardian. Copies of the will, of the letters testamentary, and of guardianship are annexed to the petition.

A citation was thereupon issued to the executor, in accordance with the prayer of the petition. He appeared, and filed his answer in writing, denying that he had had sufficient time to collect the estate of the testator, and to pay his debts, and alleging that suits were then pending against him as executor, on account of which he could not then come to a final settlement. He also insists in his answer, that, by the terms of the will, he was required to retain the estate in his possession, until the said children of the testator should attain the age of majority; that the said estate consisted principally of

real estate, and, believing that it was his duty to keep it in his possession by virtue of the will, he had leased out the whole of the real estate to various persons, a part until the first day of November next thereafter, and a part for a term of years; upon which leases he was individually responsible to the lessees on the covenants therein contained, as well as liable to the heirs of the testator for the rents of the estate. The answer also resists distribution on other grounds, which it is unnecessary to notice, as they were not relied on in the Appellate Court. This answer was sworn to, and at the bottom of the affidavit is appended a list of the suits then pending against the executor.

The petitioners then tendered to the executor a refunding bond, to cover the outstanding debts against the estate. They also demurred and excepted to the answer, "in short by consent, for uncertainty and for insufficiency." The demurrer was overruled, and judgment was rendered, discharging the executor. The petitioners prayed an appeal from this judgment, and now assign for error the overruling of their demurrer to the answer.

REQUIER and JOHN T. TAYLOR, for the appellants:

1. A party appointed guardian in a will, is the custodian of property as well as persons of minors. Clay's Dig. 269, 10 and 11.

2. The admission of the fact alleged in the petition, that the executor has had the estate more than two years in his possession, is an admission, under the statute, that he has had ample time to collect the estate and pay the debts of his testator. Clay's Dig. 196, 23 and 24; 6 Porter 23. In case of a contingent debt, a legatee will be entitled to the assets, on giving security to refund if the debt become absolute. 8 Porter 396. The functions of an executor do not necessarily cease with the final settlement of the estate. 3 Ala. 389.

Neither the common nor statute law gives an executor *virtute officii* a right to the possession of the testator's lands. 8 Porter 380. Since that decision, an act has been passed conferring on the executor the special power of renting lands at public outcry; but the defendant has never pursued this act. Clay's Dig. 199, 36. The guardian is the more proper

person to litigate suits about realty. The only interest of the executor in the realty is, to subject the rents as assets. The only right he could have to appear would be, to defend his rents; but unless he acquires title by renting "at public outcry," he cannot be entitled to the rents. If he rents in any other way, his leases are void, and he cannot collect the rent, but the heir has the better title. 18 Ala. 190.

The act (Dig. 199, 36) gives power to lease the estate at public outcry "until final settlement"—not for a term of years. If he had rented in a proper manner, his leases should pursue the act, and could not bind him beyond our settlement. Again, if all things had been regular, he could make no special covenants to bind the estate, except the incidental one that the property should be kept "tenantable." Minor 276; 2 Porter 33; 4 Ala. 50.

3. The direction in a will, that property shall not be distributed among minor devisees until they become of age, is no bar to a suit by their guardian to obtain possession of the same; a fortiori when the guardian is appointed by the testator. 8 Porter 204; 5 Ala. 144. There is no trust in this will. 16 Ala. 14; Clay's Dig. 199, 36; ib. 228, 39.

It does not appear from the terms of the order, that the estate is to be "kept together for distribution at a future day," (the order speaks of realty merely) and as these words are the statutory definition of the cases in which only the statute authorizes such orders, the order appears, upon its face, not to have been granted under that statute.

The order does not require the executor to keep the estate in his possession for an indefinite period of time, i. e., forever; nor indeed to keep it for any time at all; but merely grants a salary from a certain date, leaving the period, during which the party shall be entitled to receive it, entirely unascertained.

5. If he is responsible to the lessees on his covenants, and to the heirs for the collection of rents, it is his fault—not his misfortune. Clay's Dig. 199, 36; 18 Ala. 190.

JOHN A. CAMPBELL, contra:

The period appointed for the distribution of the estate of the testator, by the terms of his will, is ascertained. There is no clause in the will that controls or alters this date, so as

to raise the presumption that an earlier day was designed. The law makes it the duty of the executor to effect distribution, and for that purpose the control of the property is vested in him. Where no person is mentioned who is to do an act, the executor is the proper person for that purpose. 10 B. Monroe 273; 5 Ired. Eq. 12.

2. In this case there is a plain separation of the interests of the wife from that of the children. She is entitled to take at once, and the legacy is held to be for her use. In the case of the children, the period of distribution is postponed to a distant period. There is no indication of a purpose that the property shall remain with a guardian in the mean time.

3. The placing the property in the hands of guardians necessarily occasions a distribution. The guardian accounts to each, and not to the children collectively.

4. The cases in the Alabama courts sustain our views. Whenever the period of distribution has been fixed by the will, the executor has been allowed to hold the estate till that time. The courts have, on two occasions, found expressions in a will controlling a clause which apparently fixed such a period. The court has recognized the general rule in such cases. 8 Porter 204; 8 Ala. 688; 5 Ala. 144; 6 Ala. 236.

GOLDTHWAITE, J.—The testator, by his will, devised certain lands to the children of a deceased son. The other clauses of the will are as follows:

"I give and bequeath to my wife Clara one-fourth of the income of all the rest of my real estate during her natural life, and the entire use of my present residence, on Conti street, and one-fourth in fee simple of all my personal estate for her use."

"I give and bequeath to my children Anna, Louisa, and son John Baptiste, the balance of my real estate not already bequeathed, and also all my personal estate, to be distributed when required, at mature age or majority, in equal parts."

The wife is appointed testamentary guardian of the children, and the defendant in error, executor.

The first question presented in the argument, was in relation to the right of the executor to the possession of the real estate devised to the children. By the common law, the

lands of the testator not devised descend to the heir, and if devised, they pass to the devisee; the heir in the one case, and the devisee in the other, being entitled to the possession. To disinherit the heir at law, plain words of devise or necessary implication were required, and his title could not be defeated, unless there was a disposition of the subject, to some person capable of taking. 2 Fonb. 51; Habergham v. Vincent, 2 Ves. 224; Pickering v. Lord Stamford, 3 Ves. 493. So also in relation to the executor; at the common law, he was not entitled to the possession of the lands without a devise to him, or unless his right to hold was clearly deducible from the will. In this case there is no devise to the executor; but it is insisted that his right to the possession of the lands, results by necessary implication from the fact, that, by the terms of the will, the distribution of the estate to the children is postponed until a future period; and that, as the law casts upon the executor the duty of distribution, it gives him by implication the control and possession of the estate for that purpose. If the position insisted on was correct, it would follow, that where the testator directed his executor to sell his land at a future day, he would be entitled to hold until the period fixed for the sale; whereas the rule is well settled, that such a direction amounts to a bare authority only, without an interest, and that in the mean time the heir is entitled to the possession. Co. Litt. 113 a, 236 b; Powell on Devises, 193; Bergen v. Bennett, 1 Caines' Cas. 15, 16. So in the present case, the authority to make distribution confers upon the executor a naked power merely, uncoupled with any interest, and, in the absence of a devise to him, or words of implication, gives him no right to the possession or control of the lands. We regard, however, the word "distributed," as used by the testator, intended simply to postpone the division of the estate to the time fixed by the will, and until that time arrives, and the real estate is divided, the devisees referred to take as tenants in common.

We have considered the question presented, upon the analogies of the common law, and without any reference to the statutes of this State, authorizing the executor or administrator to sell or rent the lands of the decedent—the rule being settled, that these statutes do not, of themselves, intercept the

passing of the estate to the heirs or devisees, who may assert
their title, with all its incidents, until the personal representa-
tive exerts the power reposed in him by the statute.    Leavins
v. Butler, 8  Por. 380; Masterton  v. Girard's Heirs, 10  Ala.
60.   As the power to rent is but a bare authority, it must be
strictly pursued; and as the lands in the present case were
not leased at public outcry, according to the requisitions of
the statute, it cannot be regarded as a due execution of the
power, and does not in any manner affect the rights of the
devisees.    Martin v. Williams, 18 Ala. 190.    Neither would
the taking possession of the lands by the guardian necessarily
occasion a distribution, as seems to have been supposed by the
counsel for the defendant in error.    The legislature have met
this case by the act of 1849–50, the thirty-second section of
which provides, that whenever any person shall apply for
letters of guardianship as regards one or more minors, having
estates undivided, and derived from the same source, although
as legatees, distributees, or otherwise, the same shall be
granted so as to include all the minors in the same letters;
the inventories, returns and settlements to be made as though
there was but one ward.    Acts 1849–50, 34, 32.

    In relation to the legacies bequeathed to the children, if
they had not been blended together with the devise, by their
insertion in the same clause of the will, and the application
of the same words to each, we should be of opinion that, as
the title to the personal property vests in the executor, and
the term " distributed," when applied to that kind of property,
refers to the time when the parties entitled would have the
right to the possession, the legatees could not claim the pos-
session until the period fixed by the will; but as it is, we are
clear that the intention of the testator must have been the
same in relation to both his real and personal estate, given by
the same clause and the same words, and as present words of
bequest are used, we can, without straining, construe the
term "distributed" with reference to personal property, as
synonymous with divided, and as postponing, not its distri-
bution, but its division among the legatees until the period
fixed by the testator.

    It follows, from the construction we have given to the will,
that as the children were entitled to both the real and per-

sonal property, without waiting until the time to which the division was postponed, the guardian was entitled, after the expiration of eighteen months from the grant of letters testamentary, to call upon the executor for the share of the personalty to which she was entitled in her own right, as well as the undivided three-fourths bequeathed to the children. She, however, could only pursue the statutory remedy, in relation to property which, under the will, it was the duty of the executor to administer. The statute (Clay's Dig. 196, § 23, 24) was not intended to apply to devises of which the personal representative had no control, and in relation to which he had exercised none of the powers conferred upon him by the statute. So far as these matters are concerned, he stands not as the executor, but as a stranger; and although, perhaps, the guardian of the devisees could, as such, confirm his acts as to the leases made, he might also repudiate them altogether, and proceed against the persons in possession. Masterton v. Girard's Heirs, *supra*. They cannot, however, hold the executor responsible for the rent or possession of lands, in his representative capacity, under the act last referred to, when, under the will, he has no power to act in reference to such lands, and has exercised none of the powers conferred upon him by the laws of this State.

In relation to the proceedings in the Probate Court, the question is, whether such court erred in sustaining the demurrer to the answer of the defendant in error. The petition is not only for distribution, but a final settlement; and the facts alleged in the answer would not constitute a full defence, as, under our decisions, although the legatees, or either of them, were entitled, after eighteen months from the grant of letters testamentary, to call upon the executor for a settlement of the estate and distribution; yet, on the hearing, it was competent for the executor to show cause, both against the final settlement and distribution, or against the former only. Sanky v. Ellsberry, 10 Ala. 455. The only ground set forth in the answer which would prevent a final settlement, is, the allegation that suits were pending against the defendant in error as executor; and as these suits are not set out in the answer, and no reference whatever made to the records, or to any schedule which describes the claims on which

they are founded, we cannot regard what follows the affidavit, purporting to be a statement of certain claims, as any part of the answer. The mode of proceeding in the Probate Court, however, should have been by exceptions to the answer, rather than by demurrer; and had there been a single ground properly alleged by the defendant in error, the demurrer would have been correctly overruled; but as the answer was wholly insufficient, and as no objection was made in the court below to the determination of its sufficiency in the mode adopted by the parties, we must determine that the court erred in overruling the demurrer.

The judgment is therefore reversed, and remanded.