HENRY L. CROSBY, Appellant, *v.* HENRY LOOP et al., Appellees.

APPEAL FROM BOONE.

A lessor may grant the whole or any part of premises out of which rent issues, and the lessee will be bound to pay the whole or a proportionate share of the rent to the grantee, and the latter has all the remedies to enforce payment which the lessor had.

If a lessor makes an unqualified grant of leased land, the rent passes to the grantee as an incident of the reversion. But the lessor may sever the rent from the reversion, by reserving it, or he may, by a grant of a part of the land to one person, or of the whole land to several persons, create a necessity for an apportionment of the rent between the different owners.

On the death of a lessor, rent has to be apportioned among the heirs, on whom the estate is cast.

In all cases of apportionment of rent, it is the duty of the tenant to pay each party the proportion of rent to which he is entitled.

THIS suit was originally commenced by the appellees against the appellant before a justice of the peace. A judgment was recovered before the justice for sixty-five dollars and costs. Crosby, the appellant in this suit, and defendant before the justice, appealed from this decision to the Circuit Court of Boone county.

At December term, 1851, of the Boone Circuit Court, WILSON, Judge, presiding, the cause was submitted to him without the intervention of a jury. A judgment was again rendered in favor of the appellees for $68.25 damages and costs. A motion for a new trial was overruled. Crosby excepted, and brought the cause to this court by appeal, and assigned errors.

FULLER & BURGESS, for appellant.

LOOP & HURLBUT, for appellees.

TREAT, C. J. This was an action of assumpsit, brought by Loop and others against Crosby. The evidence disclosed this state of case. The defendant was the owner of an undivided half of the "Crosby Mills." On the 7th of November, 1847, he leased the same interest therein to Robinson & Co., for the term of five years and nine months, at an annual rent of $300, payable quarterly, one third in cash, and two thirds in trade. On the 25th of February, 1850, he conveyed the one undivided third part of the mills to the plaintiffs, for the consideration of $3000. The deed contained this provision: "Subject, yet nevertheless to a lease of land and premises made by said party of the first part to Robinson & Co., rents and profits of which the said party of the first part reserves to himself; hereby agreeing to and with said parties of the second part, to draw orders on the said Robinson & Co., for the sum of two hundred dollars, payable annually during the continuance of said lease, payable to said parties of the second part, in quarter-yearly instalments, one half in flour, and one half in cash." And on the same

day, he drew an order in favor of the plaintiffs in these words :

BELVIDERE, February 25th, 1850.

Messrs. Robinson & Co. : — Gents. You will please pay Henry Loop, John Loop, and George Loop, or order, two hundred dollars yearly from the date of· this order, out of moneys accruing due under the lease of the property, known as the Crosby Mills, near Belvidere, made by me to you, to be paid in quarter-yearly payments of fifty dollars, and payable one half in cash and the other in flour, for the term of time that the said lease runs, and fractions of year and quarter to be paid in the same proportion, commencing February 7th, 1850.

HENRY CROSBY."

This order was presented by the plaintiffs to Robinson & Co., and payment demanded of the two instalments, respectively due on the 7th days of August and November, 1850 ; but payment was refused, and the defendant had notice. The action was brought to recover $68, a balance due on the instalments before mentioned. On this evidence, the court rendered judgment in favor of the plaintiffs for the amount claimed. That decision is assigned for error.

The lessor may grant the whole or any part of the premises out of which the rent issues, and the lessee is bound to pay the whole or the proportionate share of the rent to the grantee. The latter has all of the remedies to enforce the payment of the rent which the lessor had. If the lessor makes an unqualified grant of the land, the rent passes to the grantee as incident to the reversion, but he may sever the rent from the reversion by a grant of the land reserving the rent, or by a grant of the rent retaining the reversion. He may grant a part of the land to one person, or the whole to several persons, and · thereby create the necessity for an apportionment of the rent between the different owners. On the death of the lessor, the rent has to be apportioned among the heirs on whom the estate is cast. In all cases of apportionment of rent, it is the duty of the tenant to pay each party the proportion of the rent to which he is entitled. This liability of the tenant forms an exception to the rule that an entire contract cannot be apportioned, and that a debtor cannot be compelled to pay a single demand in parcels

to several persons.   The exception had its origin in reasons of policy and convenience, and has been long and firmly established. It is in the power of the tenant to avoid several suits and distresses, by the prompt payment of the rent as it falls due.   3 Kent's Com. 469;   Bacon's Ab., title Rent, letter M. ;  Crabb's Law of Real Property, § 210, &c.

But for the reservation contained in the deed from the defendant to the plaintiffs, it is very clear that two thirds of the rent reserved in the lease to Robinson & Co., would have passed to the plaintiffs as an incident of the reversion, and it would have been the duty of the tenants to make payment accordingly.   It would have been a clear case for the apportionment of the rent between the plaintiffs and the defendant.   The plaintiffs could have maintained an action against the tenants to recover their share of the rent; or they might have coerced payment by distraining the goods and chattels of the tenants.   But the reservation in the deed was a severance of the rent from the reversion. It evinced a certain intention on the part of the defendant, not to dissolve the relation of landlord and tenant, subsisting between him and Robinson & Co.   He expressly reserved to himself the whole of the rent, and as a matter of course he continued to be the landlord, and entitled to all the remedies given by law for the collection of the rent.   The drawing of the order in connection with the grant of the reversion, did not amount to an assignment of two thirds of the rent to the plaintiffs.   The order was the single direction of a creditor to his debtor, to pay a third person a certain sum out of a particular fund.   The legal interest to any portion of the fund did not pass to the plaintiffs. If the order had included the whole of the rent reserved by the lease, it might have amounted to an equitable assignment of the fund, to recover which the plaintiffs could have sued in the name of the defendant; and perhaps they would have been compelled to use all reasonable diligence to obtain payment from the tenants, before they could have recourse against the defendant. But the present is a very different case.   The whole of the debt was not embraced by the order, and Robinson & Co. were not bound to discharge it in fractions to different persons.   The plaintiffs could not have maintained an action against them in

the name of the defendant. The principle that an entire contract cannot be apportioned and performance enforced in fragments, would have presented an insuperable bar to a recovery. Mandeville *v.* Welch, 5 Wheat. 277 ; Chapman *v.* Shattuck, 3 Gilm. 49. The plaintiffs having demanded payment of Robinson & Co., and notified the defendant of their refusal to pay, had a clear right to recover from him the amount claimed.

The judgment is affirmed.

*Judgment affirmed.*