## BRANCH BANK AT MOBILE *vs.* FRY.

1. Assumpsit lies in favor of the landlord against a stranger for rents received by the latter from the tenants under an assertion of title in himself.

2. If the tenant pays over rents to the mortgagor after the law day of the mortgage, before notice of any claim by the mortgagee, the payment is effectual against the latter; nor does the mortgage constitute any objection to a recovery by the mortgagor against one who has wrongfully received the rents under an assertion of title, when it is not shown that the mortgagee has asserted any claim to the fund.

Br. Bank at Mobile v. Fry.

3. The heir at law may sue for and recover rents accruing after the death of his ancestor, whose estate has been declared insolvent, if neither the administrator nor creditors interpose any obstacle.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. JOHN A. CUTHBERT.

ASSUMPSIT by William Fry, an infant who sues by his next friend, against the plaintiff in error, for the "use and occupation of premises belonging to plaintiff in the City of Mobile; also for money received by defendant for the use of plaintiff, for money due upon an account stated, and money due for interest." The case was tried on the following agreed statement of facts:

"William W. Fry, the father of plaintiff, and George H. Fry were owners in common of the premises herein referred to, in 1835, and continued said owners, and in possession by their tenants, until the death of William W. Fry, which took place in 1839. Before the death of said Fry, the defendant in this suit recovered a judgment against him in the County Court of Mobile, for $         , on which execution was duly issued, and was levied on said Fry's interest in said premises before his death ; but the execution was returned without a sale, and no further proceedings were had under said levy until 1844, when a *venditioni exponas* was issued, directed to any sheriff, &c., and was delivered to J. L. Marsh, the marshal for the said Bank, who, by virtue thereof, proceeded to sell William W. Fry's interest in said premises, and the same was purchased by the Bank, who received a deed therefor from said marshal in March, 1844.— After this sale, the defendant, claiming to have the title and interest of said William W. Fry in the premises, and finding Foster & Battelle and others in possession as tenants of the former owners, George H. Fry *et al.*, threatened to dispossess said tenants, unless they would pay rent to the defendant, to the extent of W. W. Fry's interest in the premises; and thereupon said tenants paid a moiety of the subsequent rents of the premises to the defendant, until the property was placed in charge of a receiver, appointed by the Court of Chancery of Mobile at the instance of certain persons who held an unsatisfied mortgage on it, executed by W. W. Fry in 1835. The

amount of rents received by the defendant from the tenants, between September 4, 1844, and April 12, 1847, on which day the last was received, was $1088 12. Before the purchase by the defendant, the estate of said W. W. Fry had been declared insolvent. W. Fry, the plaintiff in this suit, is the only child and heir of said W. W. Fry. An action of trespass *quare clausum fregit* was brought by plaintiff against defendant, to recover this same money, in this court, in which suit judgment was rendered for defendant, and on writ of error the same was affirmed, at June Term, 1849. See case reported in 16 Ala. 282.

"If the court should be of opinion, on the above statement, that the plaintiff is entitled to recover, judgment is to be rendered, as on verdict, for the amount above specified and interest; if otherwise, then for the defendant: with liberty for either party to turn this case, with the opinion of the court, into a bill of exceptions for the decision of the Supreme Court. It is also agreed that the mortgage was forfeited before said rents accrued, and that all judgments in favor of said Bank against said W. W. Fry are satisfied."

On these facts, the court rendered judgment for the plaintiff; from which judgment the defendant appealed, and now assigns it for error.

JOHN T. TAYLOR and A. BOYKIN, for appellant.

P. PHILLIPS, *contra.*

CHILTON, C. J.—It is very clear that the Bank is not entitled to this money upon any supposed ground of retainer as a creditor of the estate of W. W. Fry, deceased, for the record shows that its judgment against said Fry has been satisfied, and states no other indebtedness. We must intend, also, that the demand now sued for constituted no part of the satisfaction of that judgment, as the bill of exceptions taken at the instance of the Bank, and which therefore must be construed most strongly against it, fails to show that the money sued for in this action was credited upon its demand.

The money received by the Bank from the tenants of Fry, although obtained upon the assertion of title to the land, and under the belief that such title was valid in law, was neverthe-

less wrongfully received, as it is conceded that the Bank, by the purchase at the marshal's sale, acquired no title to the land. It stands, then, in the atitude of one who induces the tenant of the real owner of the land to pay him rent, upon a threat of expulsion from the premises, by reason of an alleged valid title which is in fact worthless ; and having obtained the money upon a claim of right which turns out to have no foundation in fact, it holds the fund for the person who, in justice and equity, is entitled to it. No question of adverse possession properly arises in this case, since the Bank was never in possession, in legal contemplation. Certainly, the payment of rent by the tenants of the owner, under a misapprehension of their liability, caused by the assertion of title on the part of the Bank when it in truth had none, could not amount to an attornment on the part of such tenants, thus placing the Bank in possession. Occupancy, it is true, under *bona fide* claim of title, creates an adverse possession ; but the reception of rents from one rightfully in possession, in subordination to and terre-tenant under the true title, by a false assertion of ownership, however innocently made, is quite a different thing. It confers no right to the money thus received, and the party collecting it must be regarded as holding for the person who, in justice and equity, is entitled to it. The tenants remained the tenants of the rightful landlord, and if the Bank had sued them for the rent, after the payments which they had made to it, we entertain no doubt but that the law would have allowed them to show that such previous payments were made under a mistake. If such were not the law, the tenants, who may have acted in never such good faith, might have been compelled to pay the rent twice, as it is certain their real landlord could have recovered against them. This being the case, and there being no controversy as to the invalidity of the title of the Bank, it is clear that it is under an equitable obligation to pay over this money to the rightful landlord, for the protection of the tenants from whom the same was obtained. The action of asssumpsit, we think, may well be sustained.

2. But it is urged, that the rent enured to the benefit of the mortgagee, whose mortgage was forfeited before the rent was received by the Bank. Conceding that the mortgagee had the right to enter after the law day, and consequently to claim rents from those who should thereafter occupy the land, yet, if the

tenants paid the rents before notice of any claim on his part, such payment would be effectual as against the mortgagee.— Mansony *et al.* v. The United States Bank *et al.*, 4 Ala. 735.— In this case, the mortgagee has asserted no claim to the fund, and from aught that appears in the bill of exceptions, the mortgage demand has been fully paid. The mortgage, therefore, constituted no objection to the recovery.

3. But it is said, the estate of W. W. Fry having been reported insolvent, it is incumbent on his personal representative to see that the land, with its issues, should be applied to the payment of the debts, and that consequently the heir can take nothing. The rule upon this subject was correctly laid down by this court in Masterson v. Girard's Heirs, 10 Ala. 60, in which case it was held, that, although under the statutes the administrator had power to rent the real estate of his intestate, and had power to recover rent due on the demise of the decedent, yet, until he asserts this power by notice to the tenant or by actual suit, the heir may sue for and recover the rent falling due after the death of his ancestor; and we may add, although the estate be insolvent, yet, if neither the administrator nor creditors of the estate interpose any obstacle to a recovery, we see no reason why a stranger should be allowed to object that a party on whom the legal title is cast by descent should not be allowed to recover.

It was said in the argument that the Bank was a creditor of the estate; but we repeat that the record fails to show this, and what does not appear must be regarded as though it did not exist.

It follows from what has been said, that the judgment of the Circuit Court must be affirmed.