# Lee's Adm'r *v.* Downey.

*Statutory Real Action in nature of Ejectment.*

1. *Executor's or administrator's rights and powers as to real estate.*—The personal representative of a testator or intestate has no estate or interest in or to lands descended or devised, but is only clothed with certain statutory powers over such lands, to be exercised when necessary for the payment of debts; and the existence of such statutory powers depends upon the existence of a necessity for their exercise—that is, upon the existence of debts to the payment of which the lands may be subjected.

2. *Statute of limitations; suspension of, between death of debtor and grant of administration on his estate.*—Whatever may have been the com-

[Lee's Adm'r v. Downey.]

mon-law rule,as to the suspension of the statute of limitations during
the period intervening between the death of the debtor and the grant of
letters of administration on his estate, it is now declared by statute
(Code, § 3244) that not more than six months shall be deducted in com-
puting the statutory bar, although letters of administration may not
have been granted until after the expiration of that period.

3.  *Same; not avoided, as to lands, by act or promise of personal repre-
sentative.*—As against the rights of heirs or devisees, or persons claiming
under them, it is not in the power of the executor or administrator, by
any act, admission, or promise, to remove the bar of the statute of lim-
itations, so as to revive a debt, and make it chargeable on lands
descended or devised.

4.  *When executor or administrator can not recover against alienee of
heir or devisee.*—An executor or administrator can not recover in eject-
ment, or a statutory action in the nature of ejectment, against an alienee
of the heir or devisee, when the action is commenced nearly ten years
after the death of the decedent, and the only debts proved to exist are
barred by the statute of limitations.

APPEAL from the Circuit Court of Perry.

Tried before the Hon. GEO. H. CRAIG.

This action was brought by Elias B. Thompson, as the
administrator with the will annexed of David Lee, deceased,
against William T. Downey, to recover the possession of a
tract of land particularly described in the complaint; and
was commenced on the 29th July, 1874. It was admitted
that David Lee, the plaintiff's testator, was seized and pos-
sessed of the lands now sued for, at the time of his death;
and that he died some time during the year 1863. By the
last will and testament of said testator, the lands were devised
to William D. Lee, one of his sons; and said William D. Lee
and James Lee, another son, were therein nominated as exec-
utors. William D. Lee took possession of the lands, and
continued in possession until some time in February, 1871,
when he sold and conveyed, for valuable consideration, to
A. E. Lawhorn; and the defendant was in possesion, claim-
ing under Lawhorn. The defendant pleaded the general
issue, a special plea of *ne unques administrator*, and eight other
special pleas, which averred, in substance, that the lands
were devised by the plaintiff's testator to W. D. Lee, under
whom the defendant claimed; that there were no outstand-
ing debts, to the payment of which the lands could be sub-
jected; that there was no necessity to sell the lands for the
payment of debts, or for the purposes of administration; that
the outstanding debts, if any, were barred by the statute of
limitations, &c. To each of these special pleas demurrers
were interposed by the plaintiff,which were overruled by the
court, and which require no special notice, since the same
questions, in substance, were presented by the charge of the
court to the jury.

A copy of the testator's will was admitted to probate by

the Probate Court of said county of Perry, on the application of the plaintiff, which was filed on the 31st March, 1873, and in which the plaintiff was described as "E. B. Thompson, trustee, &c." The application was continued several times, and the record does not show on what day it was granted. In the order admitting the copy to probate it is recited, that the will "was filed and admitted to probate, in the Probate Court of said county, in the year 1863, under the existing laws of the State at that time;" but the record of that probate was not produced, and the plaintiff objected and excepted to the admission of the secondary evidence which was adduced. The plaintiff's letters of administration were granted on the 3d January, 1874, the order granting them being in these words: "This day came E. B. Thompson, and made application for letters of administration upon said estate [of David Lee, deceased], with the will annexed; and none of the parties named in said will as executors having applied for letters within the time allowed by law, and it being shown to the court that said applicant is a large creditor of said estate, and is a suitable person to administer the same, and he having filed his bond," &c.; "it is ordered that said bond be taken, approved, recorded and filed, and that letters of administration *cum testamento annexo* be granted to said applicant." The plaintiff proved, also, that two promissory notes had been filed, in May and June, 1874, as claims against said estate; said notes being signed by said David Lee, dated March 1st, 1861, and payable twelve months after date, aggregating over $5,000. William D. Lee testified, as a witness for the defendant, that letters testamentary were granted by said Probate Court to him and James Lee, and that they had never resigned; and he produced the letters, which are stated to be "in the words and figures following;" but they are nowhere set out in the record, and the clerk certifies that the paper referred to is not in his own possession. There was other parol evidence adduced in reference to this grant of letters, and numerous exceptions were reserved by the plaintiff to its admission.

On all the evidence adduced, the court charged the jury, on the written request of the defendant, that they must find for him if they believed the evidence; and refused a general charge in favor of the plaintiff, requested by him in writing. The charge given, the refusal of the charge asked, and the adverse rulings of the court on the pleadings and evidence, which it is unnecessary to state at length, are now assigned as error.

[Lee's Adm'r v. Downey.]

L. N. WALTHALL, THOS. SEAY, and A. A. COLEMAN, for the appellant.

W. M. BROOKS, and E. M. VARY, contra.

BRICKELL, C. J.—The statutes do not confer on an executor or administrator any estate or interest in the lands of the testator or intestate. As at common law, if devised, they pass to the devisee ; or, if not devised, they descend to the heir at law; who alone is entitled to possession. The executor or administrator may, if a necessity exists, which would authorize the Court of Probate to order him to make sale of them, intercept or divest the possession of the heir or devisee, and hold the lands, either to derive from their rents funds for the payment of debts, or for that purpose to subject them to sale under a decree of the Court of Probate. *Masterson v. Girard*, 10 Ala. 60 ; *Smith v. King*, 22 Ala. 558 ; *Chighizola v. LeBaron*, 21 Ala. 406 ; *Br. Bank Mobile v. Fry*, 23 Ala. 770. It is but a bare power over the lands, with which the statute clothes the personal representative, to be exercised in the mode, and for the purposes expressed in the statute. While by no act of the heir or devisee can the power be frustrated, the existence of the power itself depends upon the existence of the necessity for its exercise—the payment of the debts of the testator or intestate. When the necessity does not exist—when there are no debts chargeable on the lands—it would be more than an idle and useless ceremony, to suffer the personal representative to disturb the possession of the heir, or of the devisee, or of the alienee of the one or the other. A just and prudent personal representative would not then assert the power, for his only duty would be, if he could assert it, to receive possession in one moment, and restore it in the next. It is not for any such purposes the statute confers the power, and authorizes its exercise.—*Owens v. Childs*, 58 Ala. 113.

The lands now in controversy were specifically devised to William D. Lee, who, having entered into possession, aliened and conveyed them. His possession, and the successive possession of his alienees, continued uninterrupted and undisputed, for nearly or quite ten years, until the commencement of this suit. If there are debts existing against the testator, chargeable on the lands, to the payment of which the personal representative is bound to appropriate them, then the appellant is entitled to the possession, and can maintain the present action. But, if there are no such debts, if he were to recover possession, his only duty would be its immediate restoration ; a recovery would not only be unjust, but it would be an idle,

[Tillman v. Spann.]

useless, expensive ceremony. We do not propose to inquire, whether there had been a grant of letters testamentary remaining in full force, when letters were granted to the appellant. It may, if necessary, be conceded that the grant to him was the first and only grant; the question remains, whether there are debts existing against the testator which it is his duty to pay, and to which he could properly and legally devote the lands.

The only debts of which evidence was given, were simple contracts of the testator, barred by the statute of limitations of six years, unless the running of the statute was interrupted and suspended from the death of the testator until the grant of letters testamentary to the appellant. What may have been the rule of the common law on this point, it is unnecessary to discuss. The statute now, in express terms, declares that no greater period of time than six months from the death of the testator shall, in such case, be deducted in computing the bar of the statute of limitations.—Code of 1876, § 3244; *Pickett v. Hobdy*, 63 Ala. 609 ; *Lewis v. Ford*, at the present term. Deducting that period, the statute of limitations had perfected a bar as to all these debts, before the grant of letters testamentary to the appellant. It is not in his power to remove it, or by any act, admission, or promise, to revive these debts, so that they would be chargeable on the lands, divesting the possession of the devisee, or of his alienees, and incumbering the estate with their payment.

The Circuit Court, in this view, was not in error in instructing the jury the appellant was not entitled to recover. The judgment is affirmed.