[May et al. v. Coleman, Trustee.]

# May *et al. v.* Coleman, Trustee.

*Bill in Equity to enforce a Trust.*

1. *Compromise of pending suit.*—When a pending suit in equity is compromised, a supplemental answer, in the nature of a plea *puis darrein continuance* at law, is the proper mode of bringing the compromise to the attention of the court; and such supplemental answer should be allowed, unless sufficient reasons are shown against its allowance.

2. *Testamentary trust; limitation of suit by legatee against trustee's distributee.*—When a pecuniary legacy is bequeathed to an executor in trust for the legatee, and he pays the interest annually during his life, a bill in equity to enforce the trust against his sole heir and distributee, who has taken possession of all his property, is barred by the lapse of six years from the last payment of interest.

APPEAL from Hale Chancery Court.

Heard before Hon. THOMAS COBBS.

The bill was filed in November, 1882, by appellee as trustee of S. A. Connor, and alleged that one Rachel Wedgeworth, by will, bequeathed to said Connor two hundred dollars, which legacy was placed by the terms of the will in the hands of one Stephen Wedgeworth as trustee; that during life and up to his death said Stephen Wedgeworth discharged his duties as such trustee; that said Stephen "being possessed of property consisting of land, mules, cattle and other things," died, leaving an only surviving child, Ann E. (who afterwards married John May), "who took possession of and administered upon the estate of her father, collecting all the assets and paying all the debts of said estate, except the legacy due the said S. A. Connor." The bill further alleges that the said Ann E. "took possession of all the property of her father and of her own wrong, also took possession of the trust fund belonging to the said S. A. Connor, of which her father was trustee, and became herself the trustee of said fund, paying annually the annuity due the said S. A. Connor for a series of years;" that in 1877 the said Ann refused to make any settlement of her trusteeship, and had, up to the time of the filing of the bill, failed so to do, though she had frequently promised to pay the annuity and the trust fund, &c.

COLEMAN & COLEMAN, E. W. DEGRAFFENREID, and THOS. R. ROULHAC, for appellants.

JAS. E. WEBB, *contra.*

CLOPTON, J.— Three years after the bill and answer thereto were filed, the defendants applied to the court to file a supplemental answer, in which they alleged, that the matter of litigation had been compromised by the payment to the solicitors of complainant of one-half of the amount claimed, with the accrued interest, and to the register of the court of one-half of the costs of the suit, and that it was understood and agreed, that on such payments being made the cause was settled and the bill should be dismissed. The chancellor refused the application on the objection of the complainant. Neither the grounds of the objection, nor the reasons of the chancellor are disclosed by the record, nor are any presented by the counsel in argument.

Evidently the parties had the right to compromise the suit, and such compromises of litigation are favored by the law. When a pending suit is compromised, unless it is brought to the attention of the court before a final decree, the parties will be concluded and estopped from setting up the compromise thereafter. A supplemental answer in the nature of a plea *puis darrein continuance* at law, is the proper mode to bring the compromise and settlement before the court, on which to try the issue thus presented. There may have been sufficient reasons for refusing the application, but if so, they are not made known by the record, and we must determine the matter as presented before us. The chancellor should have allowed the defendants an opportunity to set up the compromise and settlement against the further maintenance of the suit, and should have tried the issue, and determined whether the compromise was such on the part of the trustee, as the court would approve, before hearing the case on the merits.

As the decree must be reversed for this reason, we will not consider the merits of the controversy, except to remark that the allegations of the bill are insufficient to show that the trust fund was received by the defendant, Ann May, or that she became trustee, or that the property belonging to the estate of Stephen Wedgworth was charged with the trust. The bill fails to show, that any liability was imposed on the defendants, other than was imposed by any

other debt, which Stephen Wedgworth owed at the time of his death. If six years elapsed since the last payment by the defendants, or either of them, before the commencement of the suit, the claim is barred by the statute of limitations.—*Cameron v. Cameron,* 82 Ala. 393; *Lee v. Downey,* 68 Ala. 98.

Reversed and remanded.