Filed Jan. 9, 1892.

---

No. 465.

BOWSER ET AL. *v.* COX.

TENANTS IN COMMON.—*Action for Rent.—Parties.*—Where there is a joint demise executed by tenants in common, they must join in actions based upon the lease, unless the lease provides for a separate rendering of rent to each, or a separate covenant for the payment of rent to each. But where tenants in common have not bound themselves by a joint demise, but are claiming rents under a lease made by the ancestor,

their rights accord with their interests, the accruing rent is apportioned among them, and the tenant can be compelled to pay to each his proportionate share.

From the Marion Circuit Court.

*F. McCray, T. J. Terhune* and *B. S. Higgins,* for appellants.

*H. C. Wills* and *G. W. Spahr,* for appellee.

NEW, J.—Harriet E. Cox, the appellee, is the widow of John A. Cox, who died testate in April, 1889. The testator, on the 16th day of July, 1888, leased to the appellants certain real estate, with an elevator and machinery connected therewith, at a cash rent of $50 per month, for two years from and after the 15th day of August, 1888. The testator left as his only heirs his widow, the appellee, and children as follows: John R. Cox, Mary A. Winters, Margaret A. Wall, Joseph E. Cox, Mabel V. Cox, Ora A. Cox, Robert McCune Cox and Carrie E. Cox. By the will the four children first above named, and who are adults, are to receive $700 each less any advancement made to them. The residue of the testator's estate, both real and personal, is given by the will in equal shares to the appellee and the four children last named, said children being minors.

The action is to collect rent alleged to be due from the appellants under said lease.

The complaint is in two paragraphs. With the first paragraph copies of the will and lease are filed. It is further shown in this paragraph of the complaint that the legacies given by the will to the four oldest children, and all debts of the estate, have been paid, and that therefore an administration upon the estate is unnecessary.

There is no executor named in the will.

Upon issues joined the cause was submitted to the court for trial, with finding and judgment for the plaintiff. Appellants then moved for a new trial, which motion was overruled.

The ground of demurrer to the first paragraph of the complaint was, that there was a defect of parties plaintiff, in this, that Mabel V. Cox, Robert McCune Cox, Ora A. Cox and Carrie E. Cox are necessary parties plaintiff.

The contention of counsel for the appellants, as we understand them, is, that, inasmuch as the four children last named are, under the will, possessed of interests in the estate in common with the appellee, therefore there can be no recovery of any part of the rent in this action by the appellee as sole plaintiff.

The appellee and the four children named in the demurrer are tenants in common, but the lease or demise on which the rent has accrued was not made by them, but by the ancestor, and hence, as tenants in common, the interest of each is in severalty.

Where there is a joint demise executed by tenants in common, they must join in actions based upon the lease, unless the lease provides for a separate rendering of rent to each, or a separate covenant for the payment of rent to each. But where tenants in common have not bound themselves by a joint demise, but are claiming rents under a lease made by the ancestor, their rights accord with their interests, the accruing rent is apportioned among them, and the tenant can be compelled to pay to each his proportionate share. Bliss Code Pleading (2d ed.), sections 67, 68, 69 ; *Crosby* v. *Loop,* 13 Ill. 625; *Cole* v. *Patterson,* 25 Wendell, 456 ; *Jones* v. *Felch,* 3 Bosworth, 63.

We do not think our code has changed this rule.

The interests of the appellee and the four children named in the demurrer can not be said to be the same, for they are several and distinct. Each is the real party in interest as to his or her several, though undivided, part. It is unlike the case of joint tenants, co-trustees, partners, joint owners or joint contractors, where a separate judgment would not be proper in favor of one of them.

The court did not err in overruling the demurrer to the first paragraph of the complaint.

The judgment is affirmed, with costs.

Filed Jan. 9, 1892.