(113 So. 651)

**JOHNSON v. MOXLEY.** (4 Div. 160.)

Court of Appeals of Alabama. Feb. 2, 1926.

Rehearing Denied Nov. 16, 1926.

Powell & Hamilton, of Greenville, for appellant.

Frank B. Bricken, of Luverne, for appellee.

SAMFORD, J. Sarah Simmons owned a farm in Crenshaw county which in October, 1915, she leased to D. C. Roach for a period of five years beginning January 1, 1916, at an annual rental of $212.50. This lease was in writing duly executed, and was by Roach transferred to the defendant Johnson, on February 16, 1916. Before the first payment under the lease fell due Simmons died and the Union Bank & Trust Company of Montgomery, Ala., qualified as administrator. Roach never went into possession of the farm, but Johnson did and by tenant cultivated the land for the years 1916, 1917, and 1918, and for those years paid the annual rental of $212.50 to the Union Bank & Trust Company as administrator of Simmons. Letters of administration are dated July 25, 1916. The annual rental for 1919 and 1920 remains unpaid, either to plaintiff or to the administrator. The foregoing facts are admittedly true and were in evidence without dispute. It is also admitted that prior to the bringing of this suit plaintiff by warranty deed with covenants acquired a seven-tenths undivided interest in the leased premises and a transfer of interest in rents for 1919 and 1920, by two additional heirs of Simmons not included in the seven-tenths.

The dispute arises about the unpaid rent for 1919 and 1920. Johnson claims, and so testifies and presents evidence in corroboration, that on December 18, 1918, he sold the lease to Kendrick, which he transferred by indorsement dated January 15, 1919, which was to be the date of possession, and that he then and there delivered the original lease with the indorsements to Kendrick, who paid him a cash consideration of $403 and in addition thereto was to pay the annual rental when due. Kendrick, the other defendant, denies this and says that the truth is the lease was not purchased by him at all, but that he rented the land from Johnson for the years 1919 and 1920 for an aggregate cash rental of $403, which he then and there paid by check to Johnson. There was much evidence pro. and con tending to support each contention, and when the evidence was all in, the court, at the request of defendant Johnson, instructed the jury: "If you believe the evidence you should find for the plaintiff as against defendant Kendrick." Notwithstanding this charge there was a verdict for plaintiff as against Johnson and ignoring defendant Kendrick. There was also evidence as to the reasonable rental value of the land. It will be noted how important to a correct conclusion is the finding of the jury as to the truth of the transaction between Johnson and Kendrick. If Kendrick's statement is true, then Johnson occupied through him the land for 1919 and 1920, and, independent of a finding against Kendrick, would be liable separately for the rent for 1919 and 1920. This issue was, by the jury, found against the defendant Johnson. So we may add to the admitted

facts hereinabove stated the finding of the jury that Johnson through Kendrick had occupied and cultivated the land for 1919 and 1920 and that Kendrick had paid to Johnson in advance the amount of rental agreed upon. That brings us to this proposition: A lease to Roach for five years; a transfer of that lease to Johnson; occupation by Johnson for the entire term of the lease; payment by Johnson to Simmons' administrator for three first years; unpaid balance for 1919 and 1920, due to somebody, either to holders of title or to administrator of Simmons.

■ There is a difference in contractual relations arising under a transfer of a lease and a rental contract. What that difference is is not here necessary to a decision of this case. Suffice it to say we cannot agree to the proposition insisted upon by appellant that the renting of the land to Kendrick by Johnson for the years 1919 and 1920 constituted Kendrick the assignee and not a subtenant. It must be remembered that Kendrick testified that he paid the $403 to Johnson as rent and not as the purchase price of the lease, and that he rented the land from Johnson for 1919 and 1920. In the case of Bedford v. Terhune, 30 N. Y. 453, 86 Am. Dec. 398, cited by appellant to sustain the contention that Johnson had transferred the lease to Kendrick, the judge writing the opinion, after declaring the transaction there considered a transfer, said:

"The defendant who is charged as assignee of a term is at liberty, in an issue on the assignment, to show that he holds the premises as under-tenant to the lessee, and not as assignee."

■ The notes to Kanawha-Gauley Coal Co. v. Sharp, 52 L. R. A. (N. S.) pages 968, 986, while being authority for the contention that, "where the leased property is found in possession of one other than the lessee, the presumption is that the occupant is an assignee," also furnished in the same notes a long list of authorities holding that the presumption may be rebutted by evidence that he is not an assignee but a subtenant. Therein lies the difference between the cases cited and the case at bar. It could hardly be contended, or at least laid down as a rule that a lessor who rented the leased premises from year to year to third persons remained the landlord for all the years of his lease except the last year and for the last year the tenant held as transferee and not as a subtenant. The word "term" as used in connection with the assignment of a lease means more than the time limit fixed in the lease. Davis v. Vidal, 105 Tex. 444, 151 S. W. 290, 42 L. R. A. (N. S.) 1084.

The rule of descent as to real estate in this state has been thus stated:

"Under our statutes, as at common law, the title to lands, on the death of the ancestor, descends immediately to the heir at law, or next of kin. Unlike the rule of the common law, however, it does not vest in the heir absolutely, but the descent may be intercepted, and the possession claimed and held by the personal representative, for the purpose of administration." Nelson v. Murfee, 69 Ala. 603.

■ The question then arises, when and under what circumstances is intercepting of rents from real estate and possession thereof legally justified by an administrator? First, for the payment of debts of the estate when the personal estate is insufficient therefor (Code 1923, § 5848); second, charges against the estate and the setting aside of dower (Code 1923, § 5850); third, sale for division of land when the same cannot be equitably divided (Code 1923, § 5849). In either of the aforementioned events the administrator would be justified and would be entitled to intercept the rents from the real estate of the decedent, and in such cases it can scarcely be questioned, if the decedent during his life time had leased the estate for a term of years not expired at his death, the administrator after notice would be entitled to the rents in preference to the heir. Harkins v. Pope, 10 Ala. 494. In the case just cited it is observed by the justice writing the opinion:

"It is impossible to suppose the absurdity that the heir should have the rents, when the reservation in the land might, under other statutes, be sold by the administrator."

Sustaining the foregoing, Brickell, C. J., says:

"When the power is exercised, when rent accruing is claimed by the personal representative, he has the same right and title to it, which he has to other choses in action of the testator or intestate." Palmer v. Steiner & Lobman, 68 Ala. 400.

■ Until the power to intercept rents accruing is exercised by the administrator, or notice is given that he will so claim the right, the common-law right of the heir to recover the rents from the tenant in possession continues. Masterson v. Girard's Heirs, 10 Ala. 60; Branch Bank at Mobile v. Fry, 23 Ala. 770. In any case, however, the title and right of the heir is subject to the exercise of the statutory power, but when the power is not asserted or exercised by the administrator the heir is entitled to the estate as at common law. Masterson v. Girard's Heirs, supra. In the instant case there can be no question that the administrator asserted right to and intercepted the rents due in 1916, 1917, and 1918. Recognizing the foregoing, no claim is made by plaintiff for the rents of those years. As to the rents for 1919 and 1920 we are not so clear. Certain it is that these rents have not been paid either to the heirs or the administrator. There is nothing in the record other than the acceptance of the rents for 1916, 1917, and 1918, to indicate a claim by the administrator to the rents for 1919 and 1920. As the power to exercise the right to intercept rents depends upon necessity for its exercise and that necessity in the first instance

being dependent upon the judgment of the administrator subject to review by the court, it would seem to be a fair and just rule to say that when the necessity for intercepting had passed, a further interference with the rights of the heirs should cease, and, it appearing that as to the rents for 1919 and 1920 there is no claim or notice on the part of the administrator that these rents are or would be claimed for administration purposes, we hold that a payment to the heirs would be a quittance which could be successfully pleaded to any claim made by the administrator against the tenant. The foregoing seems to find support in Lee v. Downey, 68 Ala. 98, and authorities there cited. Stovall v. Clay, 108 Ala. 110, 20 So. 387. In the absence of some evidence of a necessity existing, the only function of the administrator if he could assert the power would be to collect the rent and immediately pay it over to this plaintiff, who under the common law is entitled to receive it, and certainly·in the absence of claims by the administrator the plaintiff is the proper party plaintiff. Stovall v. Clay, supra, and authorities there cited. If on the other hand this had been a suit by the administrator, a judgment in his favor would preclude recovery by the heirs, or the administrator by intervening in this suit might have established his right to collect, but the right is primarily in the heir, and it is only by the exercise of a power given by statute that rents may be discharged by a payment to the administrator.

By a long line of authorities to support the text, R. C. L. p. 851, par. 352, lays down the general rule that:

"The assignee of a leasehold is personally liable for rents accruing while he holds the leasehold."

But by a long line of authorities this liability runs to the assignor of the lease and not to the original lessor. 52 L. R. A. (N. S.) 980, "Privity of Estate." The liability to the original lessor is from his lessee. 52 L. R. A. (N. S.) 971, b3. The foregoing is the common-law rule, and it is interesting to study the narrow distinctions drawn by many of the courts of last resort dealing with this question in deciding cases where the equities are one way and the rules of law demand a contrary holding. The rule is universal that to support the action for use and occupation a contract expressed or implied, either creating the technical relation of landlord and tenant or bringing the parties into a relation imparting like rights and duties, is indispensable. Davidson v. Ernest, 7 Ala. 817. But, so early as Hull v. Vaughan, 6 Price's Reports 157, the Court of Exchequer in England laid down the rule that:

"It is not necessary in this species of action, that the proper relation of landlord and tenant should be distinctly made out between the parties, because the action is calculated in form to meet cases where the parties do not bear those characters, if there be in point of fact an ownership on one hand, and an occupation on the other; and it should be liberally applied, where it may be found to be a party's only remedy."

This ruling marks or rather recognizes a long step in the evolution of common law on the subject. Our Legislature, by codified law, has eliminated all doubt on the subject, and has gone farther than any of the adjudicated cases by declaring:

"A reasonable satisfaction may be recovered for the use and occupation of land. * * * (5) When for any reason the defendant is estopped from disputing the title of the plaintiff as to the use of the land occupied." Code 1923, § 8820(5).

The title of plaintiff is not disputed; the appellant went into possession and cultivated and paid the rent in recognition of this title for three years; according to the jury finding he continued to occupy the land through his tenant for two years more. He will not by law now be heard to say that he does not owe the rent.

It is further claimed by appellant that whatever estate was held by him passed to Kendrick for the years 1919 and 1920 and that this relieved him of all liability to the owners of the land. As we have tried to demonstrate, this is not tenable in this case. The rent is due and unpaid, and the controversy between appellant and Kendrick may be the subject of future litigation, but has no proper place here.

Refused charge 1 was the affirmative charge and was properly refused. Refused charge 2 was covered by the court in his oral charge. Refused charges 3 and 5 were for affirmative relief under the evidence, and, as has been shown, were properly refused.

The plaintiff's case does not depend upon the burden of proof as between appellant and Kendrick, and hence refused charge 6 is misleading.

Under one phase of the evidence the plaintiff might have recovered against both defendants, and hence charge 7 was properly refused.

We would not be justified in overturning the decision of the trial court on the motion for a new trial.

We find no error in the record, and the judgment is affirmed.

Affirmed.

BRICKEN, P. J., recuses himself on account of relationship to parties at interest.

## On Rehearing.

PER CURIAM. It is now urgently insisted that the statement of facts in the original opinion be amended to conform to appellant's contention so as to show that plaintiff, at the time of bringing this suit, owned six-tenths of the fee instead of seven-tenths. This is true, and the original statement is

amended in that respect, although the evidence shows that plaintiff later acquired other interest, which cannot be here considered. In passing upon the questions presented by this appeal, this court attached no importance to the amount of interest held by plaintiff. As we see this appeal, it makes no material difference whether the interest is six-tenths or seven-tenths. The complaint was in two counts: (1) For use and occupation; (2) on the common counts for account—account stated—for money had and received. The plea was the general issue. No special plea to the effect that plaintiff did not own the entire fee to the land and no requested charge limiting a recovery to an amount equal to his interest. This whole case was fought out and decided in the lower court upon a theory entirely different from the question now raised, all of which questions were passed upon in the original opinion.

Whatever may be said as to when a cotenant can and cannot maintain a separate action for the pro rata amount of rent due him from the common property, where such suit is authorized, we now hold that upon proper pleading and requested charges such recovery can and rightfully should be limited to such interest as is shown by the proof to be in the plaintiff.

Parties owning land in common are owners of the fee in severalty, and unless the tenants in common have so leased the property as to bind themselves jointly they are each entitled to maintain an action for rent according to their several holdings. In Smyth v. Tankersley, 20 Ala. 212, 56 Am. Dec. 193, in a suit brought by one tenant in common, the Supreme Court held to be error a charge, "The plaintiff cannot recover without joining the other owners as plaintiff." This holding was reaffirmed in Tankersley v. Childers, 23 Ala. 781, and in Smith v. Wiley, 22 Ala. 396, 58 Am. Dec. 262. In view of the many and varying decisions affecting suits by tenants in common, we do not wish to go beyond the facts made by this record. This is a suit by one tenant in common, who has not bound himself by a joint demise and is claiming rent under a lease made by the ancestor of his grantors. In such case the accruing rents are apportioned among the heirs in accord with each interest, and the tenant can be compelled to pay to each his proportionate share. Bowser v. Cox, 3 Ind. App. 309, 29 N. E. 616, 50 Am. St. Rep. 274; Bliss on Code Pleading, pars. 67–69; Crosby v. Loop, 13 Ill. 625; Cole v. Patterson, 25 Wend. (N. Y.) 456; Jones v. Felch, 3 Bosw. (N. Y.) 63. It follows that the plaintiff could maintain the suit, and, as the general charges took this point alone, the court properly refused them.

The opinion is extended, and the application for rehearing is overruled.

Application for rehearing is overruled.

PER CURIAM. Reversed and remanded, on authority of Johnson v. Moxley, 216 Ala. 466, 113 So. 656.