THOMAS HOBBS *versus* GEORGE HATCH.

In an action of trespass, brought by a tenant in common of the *locus in quo*, under the provisions of R. S., 1857, c. 95, §§ 14 and 15, it is optional with the plaintiff, whether to name his co-tenants or not.

If the other co-tenants are not named, the defendant can take advantage of the omission only by a plea in abatement; nor will the objection avail to defeat the action, unless the plaintiff had knowledge of the names of his co-tenants.

THIS was an action of TRESPASS, for cutting and carrying away trees from certain described premises in Wells.

The defendant pleaded the general issue, with a brief statement, denying the ownership of the plaintiff, and claiming to have committed the acts complained of by license of the owners.

By a deed, dated June 14, 1794, Joseph Hobbs conveyed to Thomas Hobbs, the father of the plaintiff, the premises where the alleged trespass was committed. Thomas Hobbs died in 1808, leaving eight children, one of whom was the present plaintiff. Of the other seven, some are living, and others deceased, leaving issue.

The plaintiff was sworn, and testified as is stated in the opinion of the Court.

The defendant admitted that he committed the acts alleged in the writ.

GOODENOW, J., presiding, ordered a nonsuit.

The plaintiff filed exceptions.

*R. P. Tapley*, for the plaintiff, argued that the plaintiff presented sufficient evidence of title to maintain trespass against one showing no title or possession.

The defendant can take advantage, of the other owners not having been joined in the suit, only by plea in abatement. 1 Chitty's Pleading, 65; *Thompson* v. *Hoskins*, 11 Mass., 419; *Lothrop* v. *Arnold*, 25 Maine, 136; *Holmes* v. *Sprowle*, 31 Maine, 73; *Jones* v. *Lowell*, 35 Maine, 538; *Wheeler* v. *Depeyster*, 1 Johns., 471; *Brotherson* v. *Hodges*, 6 Johns., 108; *Bradish* v. *Schenk,* 8 Johns., 151; *Hall* v. *Adams*, 1 Aiken, 166; *Bell* v. *Layman*, 1 Mons., 40; *Rich* v. *Penfield*, 1 Wend., 380.

There is more reason for the rule in cases of trespass upon land than on personal property, for the tenant in common is often ignorant of the number and residence of his co-tenants. *Thompson* v. *Hoskins*, before cited.

Under R. S., 1857, c. 95, § 14, the omission cannot avail the defendant even by plea in abatement. That statute does not repeal the common law, but gives a cumulative remedy. *Gooch* v. *Stephenson*, 13 Maine, 371; *Pratt* v. *A. & St. L. R. R. Co.*, 42 Maine, 579. Statutes in derogation of the common law are not to be extended by implication. *Howe* v. *Wilder*, 34 Maine, 573.

Neither can the fact of the other co-tenants not being

named in the plaintiff's writ be taken advantage of except by plea in abatement.

*T. M. Hayes,* for the defendant, contended that the statute, c. 95, §§ 14 and 15, repealed entirely the common law practice. It proceeds upon the idea that the plaintiff knows his co-tenants better than any one else. It is intended to prevent multiplicity of actions, and harassing litigation. It allows any number of co-tenants to sue on certain conditions, and, by inference, prohibits such suits except upon compliance with the conditions. The plaintiff, having entirely disregarded the statute provisions, is a very proper subject for a nonsuit.

The opinion of the Court was drawn up by

TENNEY, C. J.—The defendant is charged in the plaintiff's writ with having broken and entered his close, therein described, with force and arms, and having done certain acts therein to his injury. The defendant pleads the general issue, which is joined, and files a brief statement, alleging that neither the title nor possession of the premises was in the plaintiff, but in others named, from whom he had license to do the acts complained of.

The plaintiff introduced a deed from Joseph Hobbs to his father, Thomas Hobbs, dated June 14, 1794, embracing the *locus in quo ;* and testified that his father, the grantee in the deed, possessed the land therein described, at the time of his death in the year 1808; that he died intestate, leaving seven children besides himself, three of whom have since died, leaving children; that the land is wild, and he has never parted with his interest therein ; that, within twenty years, he has done nothing on it but haul wood therefrom for himself and the minister, but has hauled none for himself since 1846; that he supposes he has paid taxes assessed upon it; that, for the last forty years, he has had the care of the lot himself, and does not know that any body else had the care of it; that he was present at the sale of wood on the land by Samuel Mil-

dram, auctioneer, and the defendant bid it off; that he told the defendant the land was his, and it was for cutting that wood that this suit is brought. The defendant admitted that he committed the acts alleged in the plaintiff's writ.

Upon the introduction of the foregoing evidence of the plaintiff, the Court directed a nonsuit, upon the motion of the defendant. The ground of this direction is not stated in the exceptions; but, it is insisted in the argument for the defendant, that the action cannot be maintained in the name of the plaintiff alone, but that the co-tenants should be named in the writ.

At common law, the authorities cited for the plaintiff are decisive, that this is a valid objection, but that it can avail the defendant only under a plea in abatement.

The counsel for the defendant invokes R. S. of 1857, c. 95, §§ 14 and 15, which are the same as in R. S. of 1841, c. 120, §§ 17, 18, 19 and 20. In these it is provided, that all or any tenants in common, &c., may join or sever in personal actions for injuries done to their lands, setting forth in the declaration the names of all the co-tenants, if known; and the Court may order notice to be given in such actions, to all other co-tenants, known, and all or any of them, at any time before final judgment, may become plaintiffs in the action and prosecute the suit for the benefit of all concerned. The Court shall enter judgment for the whole amount of the injury proved; but award execution only for the proportion thereof sustained by the plaintiffs; and the remaining co-tenants may afterwards, jointly or severally sue out a *scire facias* on such judgment, and execution shall be thereupon awarded for their proportion of the damages adjudged in the original suit.

The evident intention of the authors of this provision was, that one co-tenant in real estate should not be deprived, by a plea in abatement, of redress for an injury to his interest therein, by reason of refusal of his co-tenants to join in a suit, or to allow him to use their names in the same, if they were known to him. The design was to relieve a co-tenant,

wishing to prosecute, of the previous embarrassment and not to increase it. Where the co-tenants are known, he has the right to name them in his writ as such, for his and their benefit, without exposure to defeat. The statute was manifestly intended not to be imperative but optional. Such is its language. The condition is important. The party wishing to prosecute had the right to name other co-tenants, *if they were known.* If they were not known, they could not be named. If he claimed the entire title and possession in the land, he would not name others as co-tenants. Such would be an absurdity.

The Court may order notice to be given in such action, to all other co-tenants *known,* implying that, before this action of the Court, the case must be entered upon the docket. And co-tenants may become plaintiffs at any time before final judgment, and the Court may, without doing the least violence to the language of the statute, give this notice to any one not originally named in the writ, when it shall become known that he is a co-tenant. How is such knowledge to be brought to the attention of the Court? The statute contains no provision for a change in the rule of pleading in such actions. If the co-tenants of the plaintiff are not named in the writ, in its origin, and this omission is relied upon by the defendant, no reason is perceived for taking this objection in a different mode from that required before the statute was enacted. In the latter case, the defendant pleaded in abatement, if he supposed there were not all the parties in interest in the land made plaintiffs. And, under the present statute, why should he not make his objection in the same manner, the same parties being omitted to be named in the writ? By analogy, the plea in abatement is as indispensable in one case as in the other. The defendant must give a better writ; thereupon an amendment may be allowed, or, if the plaintiff claims the entire right in the land, or the possession thereof, an issue to the country may be made. If an amendment should be granted, on its being made known that a co-tenant is omitted, and notice be ordered to him, and the action proceed, there is no

reason for a denial of this course, when all co-tenants are omitted in the original writ.

In the case of *Thompson* v. *Hoskins*, 11 Mass., 419, cited for the plaintiff, PARKER, C. J., in delivering the opinion of the Court, says, in speaking of the propriety of such objec- tion being taken by plea in abatement, in injuries to real estate as well as to personal property, " and, indeed, there is more reason for the rule in such cases, than in those which relate to personal property, because it often happens, that one tenant in common may be totally ignorant of the number of his fellows, and of the place of their residence." This case, in which more than fifty years have elapsed since the estate in question, being wild land, descended from the father to the plaintiff and seven others, his children, a part of whom are dead, leaving issue, is a striking example of the probable uncertainty touching the names and the residence of the co-tenants.

If this action could be defeated for want of the names of all other co-tenants·in the writ, it must appear that the plaintiff had knowledge thereof. This may be denied by the plaintiff, and, before that question could be legally settled, there must be an issue in fact, in some mode. It is not seen how such a question can be presented under the pleadings in this case.

.The objection, made to the writ in this case, cannot be taken, as is attempted, and the direction of the nonsuit was erroneous.                    *Exceptions sustained;—*

*Nonsuit discharged;—*

*Action to stand for trial.*

APPLETON, CUTTING, GOODENOW, DAVIS, and KENT, JJ., concurred.