MARY E. ELLISON & another *vs.* NEW BEDFORD FIVE CENTS
SAVINGS BANK.

Bristol.    Nov. 8. — Dec. 8, 1880.    AMES & ENDICOTT, JJ., absent.

If a person makes deposits on two separate accounts at a savings bank in trust
for two of his children, the claims of the children against the bank after his
death are several, and not joint, and cannot be united in one action; and the
fact that the bank, at the trial, made no objection to the joint action, cannot
enable this court to enter a judgment which the law does not warrant.

CONTRACT by Mary E. Ellison and Elizabeth A. Ellison to
recover $142.61 and interest, being the amount of certain deposits made in the defendant bank by William Ellison, the father
of the plaintiffs.    Trial in the Superior Court, without a jury,
before *Putnam*, J., who found the following facts:

On February 28, 1871, an account was opened at the defendant bank by William Ellison, "In trust M. E. Ellison," and on
March 25, 1871, another account was opened by him, "In trust
Elizabeth Ellison."    Deposits were made by him from time to
time on these accounts up to September 10, 1878, when the accounts were both closed, the first account, with interest to that
date, amounting to $71.31, and the second account, with interest,
amounting to $71.30.    The defendant made no objection to the
action being joint.

At the time the first deposit was made, and the books taken
out, by William Ellison, he signed a written paper, signifying his
assent to the rules and regulations of the corporation, one of
which was as follows: "In all cases, a payment upon presentation of the deposit book shall be a discharge to the corporation
for the amount so paid."    The father always kept the bank books,
though, on some occasions, the daughters were with him at the
bank and saw the deposits made.    He died on January 8, 1876,
and his widow was appointed his administratrix, and took the
bank books into her possession.    She died soon afterwards, and
Lemuel T. Willcox was appointed her administrator, and came
into possession of the books.    The books had never at any time
been in the possession of either of the children.    On September
10, 1878, Willcox presented to the bank his letters of administration and the two books of deposit then in his possession, and

requested that the two accounts should be made up and the balance paid over to him; and the bank, in good faith, supposing that he was authorized to draw the money, received the books from him and paid him the amount of the deposits, with interest made up to that date, and took from him a receipt for the same.

Upon these facts, the defendant contended, and asked the judge to rule, that the action would not lie, because the defendant had fully paid the money according to the terms of the contract of deposit. The judge so ruled; found for the defendant; and reported the case for the determination of this court. If the ruling was correct, judgment was to be entered on the verdict; otherwise, for the plaintiffs.

*J. A. Coffey & H. A. Dubuque*, for the plaintiffs.

*C. W. Clifford & W. Clifford*, for the defendant.

GRAY, C. J. The merits of this case cannot be decided upon the report before us. The declaration is for a sum of money due to the plaintiffs jointly. But upon the evidence introduced at the trial, if they have any cause of action against the defendant, their claims are several, and not joint, and cannot be united in one action. Gould Pl. *c.* 4, § 52. *Whiting* v. *Cook*, 8 Allen, 63. A judgment for the plaintiffs jointly would not accord with the proof; and a judgment for either of them severally would not correspond with the declaration, and would be reversible on writ of error. The fact stated in the report, that the defendant made no objection to this joint action, cannot enable the court to enter a judgment which the law does not warrant. *Leonard* v. *Robbins*, 13 Allen, 217.          *Judgment for the defendant.*