### C. DOHERTY and A. D. BIRD

*vs.*

### A. D. BIRD and WILLIAM F. TIBBETTS.

### Knox.    Opinion November 14, 1917.

*Plea in abatement; when the same shall be filed.    Motion to dismiss.    Right of amendment of writ.    Plea to be filed  when defect is  apparent upon face of writ.*

This case comes up on exceptions filed upon two grounds.   The plaintiffs' original writ alleges that A. D. Bird and Wm. F. Tibbetts, defendants, were co-partners in trade formerly doing business at Rockland under the firm name of Bird and Tibbetts, and summoned them to appear and answer unto C. Doherty and A. D. Bird, both of Rockland, co-partners in trade formerly doing business at Rockland under the firm name of "Doherty and Bird Quarry".   The action was in assumpsit for the recovery of the sum of $3,000.   The defendant, Tibbetts, filed a motion to dismiss the action upon the ground that "it appears" by the writ therein that one and the same party, A. D. Bird, is both plaintiff and defendant in such action.

*Held:*

(1)    That it cannot be presumed from the inspection of the writ that A. D. Bird, named as plaintiff, was identical with A. D. Bird named as defendant.

(2)    That a question of fact was raised which could properly be decided only upon the introduction of evidence.

(3)    That a motion to dismiss upon the ground that A. D. Bird was named both as plaintiff and defendant does not lie.

(4)    That a plea in abatement must be filed to reach the defect complained of.

On the motion of C. Doherty to amend by striking out the name of A. D. Bird as a co-partner and as a plaintiff on the ground that there was no partnership.

*Held:*

(1)    That the proposed amendment did not introduce a new cause of action.

(2)    That the parties in the case could be rightfully understood, and the amendment came within the purview of the statute.

Action on the case.    Defendants filed motion to dismiss, which was overruled.    Plaintiff, upon motion, was granted leave to amend writ; to which rulings defendants filed exceptions.    Exceptions overruled.

Case stated in opinion.

*Frank B. Miller, and M. A. Johnson,* for C. Doherty.
*A. S. Littlefield,* for Tibbetts.
*R. I. Thompson,* for Bird.

SITTING: CORNISH, C. J., SPEAR, KING, BIRD, HANSON, MADIGAN, JJ.

SPEAR, J. This case comes up on exceptions filed upon two grounds. The plaintiffs' original writ alleges that A. D. Bird and Wm. F. Tibbetts, defendants, were co-partners in trade formerly doing business at Rockland under the firm name of Bird and Tibbetts, and summoned them to appear and answer unto C. Doherty and A. D. Bird, both of Rockland, co-partners in trade formerly doing business at Rockland under the firm name of "Doherty and Bird Quarry." The action was in assumpsit for the recovery of the sum of $3,000. The defendant, Tibbetts, filed a motion to dismiss the action upon the ground that "it appears" by the writ therein that one and the same party, A. D. Bird, is both plaintiff and defendant in such action."

The presiding Justice overruled this motion to dismiss, to which the first exception was taken. The question is, whether a motion to dismiss or a plea in abatement was the proper method of attack. If it can be presumed from the inspection of the writ that A. D. Bird, named as plaintiff, was identical with A. D. Bird, named as defendant, then the defect would appear upon the face of the writ and motion to dismiss would lie. If, on the other hand, it could not be presumed as a matter of fact from the inspection of the writ that A. D. Bird named as plaintiff and A. D. Bird named as defendant were one and the same person, then a plea in abatement should have been filed to reach the defect. We think the latter course should have been pursued. A question of fact was raised which could properly be decided only upon the introduction of evidence. The writ, itself, does not show that the initials A. D. represent the full name of the plaintiff to be the same as the full name of the alleged defendant. For aught that appears the name of the plaintiff may have been Allen D., and that of the defendant, Austin D. If the full name of A. D. Bird as plaintiff, had been stated and corresponded with the full name, of A. D. Bird, as defendant, the inference that both names represented one and the same person would be very much strengthened. But

upon initials, only, we are of the opinion that no legal inference of identity can be drawn. Accordingly, there was no error in overruling the motion to dismiss.

After the motion to dismiss was overruled, the plaintiff then moved to amend his writ by striking out the words "and A. D. Bird, both co-partners in trade formerly doing business at Rockland under the firm name of Doherty and Bird Quarry" so that that part of said writ after amendment shall read as follows: "To answer unto C. Doherty of said Rockland."

"Also to amend the amount of bill in said declaration by striking out twenty-one hundred eighty dollars and fifty-six cents and substituting therefor $1,453.70."

He also moved to amend further by changing his account annexed to correspond with the amendment already made.

The amendment was allowed and the amended count inserted in the declaration. To the allowance of this motion to amend the writ the defendant's second exception was filed. The reason given for offering the amendment was that the plaintiff and A. D. Bird were not co-partners in business; that the plaintiffs' attorney made a mistake in so alleging them; and that, in fact they were tenants in common.

The right of amendment under our statute is very broad. R. S., 1916, Chap. 87, Sec. 11 provides as follows: "No process or proceeding in courts of justice shall be abated, arrested or reversed, for want of form only, or for circumstantial errors or mistakes which by law are amendable, when the person and case can be rightly understood. Such errors and defects may be amended, on motion of either party, on such terms as the court orders." Section 12 reads: "In all civil actions the writ may be amended by inserting additional plaintiffs, or by striking out one or more plaintiffs when there are two or more, and the court may impose reasonable terms."

"In case of tenancy in common, each tenant may bring his several action, but two cannot join against a third, for they have no joint interest." *Farrar* v. *Pierson,* 59 Maine, 561.

It is obvious that the proposed amendment did not introduce a new cause of action. It therefore follows that the parties and the case could be rightly understood and that the amendment readily came within the purview of the statute. The amendment was properly allowed.

*Exceptions overruled.*