FRANK L. ADAMS & others *vs.* JOHN · RICHARDSON & others.

Suffolk.   May 21, 1929. — June 26, 1929.

Present: RUGG, C.J., CROSBY, SANDERSON, & FIELD, JJ.

*Voluntary Association. Practice, Civil,* Parties, Motion to dismiss. *Pleading, Civil,* Declaration. *Actionable Tort.*

In an action of tort against twenty-three individual defendants and five newspaper corporations, the writ described the plaintiffs as "Boston Curb Exchange, a voluntary association having a usual place of business in Boston, whose members are as follows:" [here followed the names of thirty-six individuals, but no allegation of residence]. After motions to dismiss were filed by the defendants, a motion was made to amend the writ by striking out the words "Boston Curb Exchange, a voluntary association having a usual place of business in Boston, whose members are as follows:" and by adding, after naming the individuals, the words, "being all the members of the Boston Curb Exchange, a voluntary association having a usual place of business in Boston, and all of said plaintiffs having usual places of business in Boston." The motion to amend was denied. The plaintiffs requested the court to state whether its denial of the motion · was as matter of

law, as matter of fact or of judicial discretion. Upon this motion the judge ruled that, the motion having been denied generally, the plaintiffs had no right at that time to require or request any such specification or ruling. He further stated that he had no objection to informing counsel that the proposed amendment was ambiguous, and on that ground was denied as matter of discretion, and that he also denied it as matter of law. To this ruling the plaintiffs excepted. *Held*, that no error was disclosed by these rulings and orders of the court.

A voluntary unincorporated association cannot bring an action as such.

A motion to dismiss an action is the proper method of raising questions, whether several individual plaintiffs named in the writ were, on the face of the writ and declaration, entitled to join in one cause of action, whether a voluntary association named as plaintiff had capacity to maintain the action, and whether the declaration purported to be filed by parties not named as plaintiffs in the writ.

The declaration in an action of tort by thirty-six individuals against twenty-three individuals and five newspaper corporations contained allegations in substance that the plaintiffs were all the members of a voluntary unincorporated association known as the Boston Curb Exchange and had conducted a lucrative business of buying and selling corporate securities listed upon that exchange; that the defendants, through concerted action and with the deliberate purpose of preventing the plaintiffs from enjoying public patronage which had been theirs and of injuring the plaintiffs in their business, prevented publications of quotations and other material relating to the plaintiffs and published disparaging statements as to the plaintiffs' business and professional honor. Demurrers by the defendants were sustained. *Held*, that

(1) The only reasonable construction of the allegations taken together was that each plaintiff was seeking to recover damages suffered by him;

(2) Upon the allegations of the declaration, if the plaintiffs had any cause of action against the defendants, their claims were several, and not joint, and could not be united in one action;

(3) The allegations relating to membership in the Boston Curb Exchange did not give the plaintiffs a joint right of action;

(4) The demurrers properly were sustained.


Tort with a writ and declaration described in the opinion. Writ dated October 3, 1928.

Proceedings in the Superior Court before *Bishop*, J., are described in the opinion. The plaintiffs alleged exceptions to the orders denying the plaintiffs' motion to amend and allowing the defendants' motions to dismiss; and appealed from orders sustaining the defendants' demurrers.

*H. W. Babb*, for the plaintiffs.

*H. M. Davis*, (*F. Rackemann* with him,) for Boston Transcript Company.

*S. C. Rand,* for Boston Publishing Company and another.

*F. T. Leahy,* for Globe Newspaper Company.

*J. B. Ely,* for the individual defendants.

*A. C. Blake,* for Post Publishing Company, submitted a brief.

SANDERSON, J.   This action was brought against twenty-three individual defendants and five corporations by the Boston Curb Exchange, a voluntary association, the individual members of which, thirty-six in number, were named. The action is described as an action of tort.   Five motions to dismiss were filed by as many groups of the defendants alleging, in substance, that the individual plaintiffs are not entitled to join in one cause of action; that the voluntary association has no capacity to maintain the action; and that the declaration purports to be filed by parties not named as plaintiffs in the writ.   A motion was made by the plaintiffs to amend their writ by striking out the words "Boston Curb Exchange, a voluntary association having a usual place of business in Boston, whose members are as follows:" and by adding, after naming the individuals, the words "being all the members of the Boston Curb Exchange, a voluntary association having a usual place of business in Boston, and all of said plaintiffs having usual places of business in Boston."   This motion to amend was denied without prejudice to the rights of the plaintiffs to move for leave to file another and proper amendment.   Thereafter the plaintiffs requested the court to state whether its denial of the motion was as matter of law, as matter of fact or of judicial discretion.   Upon this motion the judge ruled that, the motion having been denied generally, the plaintiffs had no right at that time to require or request any such specification or ruling.   He further stated that he had no objection to informing counsel that the proposed amendment was ambiguous, and on that ground was denied as matter of discretion, and that he also denied it as matter of law.   To this ruling the plaintiffs excepted.   No error is disclosed by these rulings and orders of the court.   *Norton* v. *Lilley,* 214 Mass. 239, 240.   A voluntary unincorporated association cannot sue as such.   *Pickett* v. *Walsh,* 192 Mass.

572, 589.  *Western Union Telegraph Co.* v. *Foster,* 224 Mass. 365, 374.

The plaintiffs then presented to the court a second motion to amend the writ, which was allowed.   This motion named the thirty-six individuals as parties plaintiff in the writ and made no reference to the Boston Curb Exchange.   Thereafter, each of the five motions to dismiss was argued and allowed, subject to the plaintiffs' exceptions.   The questions raised by the motions to dismiss may be properly raised by such motion because they relate to matters appearing upon the face of the record.   *Crosby* v. *Harrison,* 116 Mass. 114. *Finance Corp. of New England* v. *Parker,* 251 Mass. 372. *Paraboschi* v. *Shaw,* 258 Mass. 531.

The declaration, filed before the motion to amend the writ was allowed, alleged in substance that the plaintiffs are all the members of a voluntary unincorporated association known as the Boston Curb Exchange, and have conducted a lucrative business of buying and selling corporate securities listed upon the exchange; that the corporate defendants are in the business of printing and distributing daily newspapers in Boston and have published daily quotations of the curb exchange and other articles relative to the transactions which took place on the exchange, and that these publications have been of great advantage to the members of the curb exchange as being their chief media of publicity; that the individual defendants are directors of a voluntary unincorporated association known as the Boston Better Business Bureau which occupies a "dominant position in the mercantile community in said Boston" by reason of the numbers and standing of the members.   The declaration then alleges that the individual defendants combined without honest intention of defending their own trade interests or other lawful justification, with the deliberate purpose of preventing the plaintiffs from enjoying public patronage which they had had, and of injuring the plaintiffs in their business, and that the corporate defendants became parties to the combination; that the methods used by the individual and corporate defendants were in direct conflict with the plaintiffs' natural right to conduct their lawful business; that pursuant to the

conspiracy the individual defendants induced and coerced the corporate defendants (which are in no wise concerned in or with the controversy between the plaintiffs and the individual defendants) to terminate the relationship between the plaintiffs and the corporate defendants with the consequent diversion of patronage from the plaintiffs by malevolent statements and conduct intended to induce in the minds of those responsible for the management of the corporate defendants the belief that they must choose whether to omit the publications in regard to the plaintiffs' business or to lose the good will of the individual defendants and others as present and prospective advertising patrons, with the intent and effect of overriding and controlling the judgment of those responsible for the management of the corporate defendants, and of constraining them to exclude from the newspapers all reference to the plaintiffs' business, and with the purpose and effect of injuring that business; that by reason of the inducements and coercion the newspapers became parties to the conspiracy and ceased to publish the quotations and other materials relating to the plaintiffs, all to the damage of the plaintiffs; that pursuant to the conspiracy the defendants published disparaging statements as to the plaintiffs' business and professional honor, to the effect that the plaintiffs were unworthy of the confidence of their customers and unfitted in respect to capacity and integrity to carry on their business, which statements were, as the defendants knew, false and misleading; that the purpose of the defendants' acts was to injure the plaintiffs in their business by bringing them into public contempt and disgrace among their present and prospective customers intending thereby to deprive the plaintiffs, and causing them to be deprived, of the profits of their business.

Demurrers filed by all defendants were sustained. From the orders sustaining these demurrers the plaintiffs appealed. A ground common to all demurrers is that the action was brought by a number of individuals each of whom is seeking to recover damages to himself arising out of alleged tortious acts committed by the defendants, and that they cannot properly be joined as plaintiffs upon the facts alleged. The

allegations in the declaration relating to damages are, in substance, that the individual members of the exchange had conducted a lawful business; that the purpose of the defendants was to injure their business, and the result was that the plaintiffs were caused to be deprived of profits in their business and in their calling.   The only reasonable construction of the allegations taken together is that each plaintiff is seeking to recover damages suffered by him.   Upon the allegations, if the plaintiffs have "any cause of action against the defendant, their claims are several, and not joint, and cannot be united in one action."   *Ellison* v. *New Bedford Five Cents Savings Bank,* 130 Mass. 48, 49.   The allegations relating to membership in the Boston Curb Exchange do not give them a joint right of action.   *Gazynski* v. *Colburn,* 11 Cush. 10.   *Whiting* v. *Cook,* 8 Allen, 63.   *Worthington* v. *Waring,* 157 Mass. 421, 422, 423.   *Spear* v. *H. V. Greene Co.* 246 Mass. 259, 267.

The orders sustaining the demurrers being justified on this ground, other grounds alleged need not be considered.

*Exceptions overruled.*
*Orders sustaining demurrers affirmed.*