UNITED FELDSPAR & MINERALS CORPORATION
AND LAURA E. PINKHAM

*vs.*

HARRY E. BUMPUS AND LAURA J. BUMPUS.

Androscoggin.    Opinion, June 28, 1944.

8

*Clifford & Clifford,*

*Walter L. Gray,*

*Raymond Burdick,* New York City, for the plaintiffs.

*George C. Wing, Jr.,* for the defendants.

SITTING: STURGIS, C. J., THAXTER, HUDSON, MURCHIE, CHAP-MAN, JJ.

MURCHIE, J. In the Superior Court this case was tried, with another in which the plaintiffs sought recovery under R. S. 1930, Chap. 109, Sec. 20 against the defendant Laura J. Bumpus alone, by a single Justice without the aid of a jury, pursuant to R. S. 1930, Chap. 91, Sec. 26, with the right of exceptions reserved as to matters of law. The record presents the pleadings, docket entries and decision of that other case as well as the one under consideration, but the companion case was not argued and everything in the record and the transcript of the evidence and exhibits which re-

lates solely to it is entirely disregarded in deciding the exceptions presented in this case, wherein the plaintiffs seek to establish the liability of the defendants as lessees under a lease dated June 1, 1927, granting them the exclusive right to carry on mining operations on the demised property during a term of 50 years. The rental reserved was to be computed on a royalty basis measured by the quantity of minerals removed. It is not disputed that the defendants occupied under the lease and removed the quantity of minerals stated in the account annexed during the period of time therein set forth, nor do the defendants claim that any part of the rent or royalty payable thereon has been paid.

Subsequent to the execution of the lease the title of the two lessors named therein is alleged to have become vested in five owners, all of whom were named as parties plaintiff at the time of the service of the writ. Three of the five, including the defendant Laura J. Bumpus, were stated to hold title to three undivided thirtieth parts of the leased property each, and the declaration recites that their titles were acquired as heirs-at-law of Sybil E. Cummings, one of the lessors. These three discontinued as plaintiffs on their own motion prior to hearing of the cause. The plaintiffs presented no direct evidence to prove the death of Sybil E. Cummings and the only indirect testimony thereof is language in one of the muniments of title of the corporate plaintiff indicating that Allen E. Cummings, her co-lessor, is the administrator of her estate.

The declaration alleges that the remaining twenty-one undivided thirtieth parts of the title to the premises is held by the present plaintiffs, and was so held during all the time when the minerals for which the royalty sought to be recovered was being removed under the lease, twenty parts by United Feldspar & Minerals Corporation and one part by Laura E. Pinkham. The record contains no evidence showing the acquisition of any part of the title to the leased

premises by Laura E. Pinkham, either through grant or by descent, and nothing to establish the identity of the heirs-at-law of Sybil E. Cummings, if her death could be considered as proved by the indirect evidence already noted.

Documents sufficient to demonstrate that the title owned by Allen E. Cummings at the time of the execution of the lease was acquired by the corporate plaintiff on January 2, 1940, were introduced in evidence, but these account for only fifteen undivided thirtieth parts of the entire title. A quit claim deed from the same grantor who conveyed that interest to that plaintiff's immediate predecessor in title, running to that predecessor and purporting to convey all right, title and interest in the premises which he had earlier acquired from Edith Eleanor Stearns and Adelia Abbie Waterhouse (the latter under a deed then unrecorded) can hardly be said to account for five undivided thirtieth parts additional, the persons named not being identified as owners of the property and a written endorsement showing on the back of the deed — "Stearns & Waterhouse 2 15th".

The process as served was not maintainable because Laura J. Bumpus was named as both plaintiff and defendant and it is established law that the same individual may not be both in an action at law. *Portland Bank* v. *Hyde et al.*, 11 Me., 196; *Denny et al.* v. *Metcalf*, 28 Me., 389; *Blaisdell et al.* v. *Pray et al.*, 68 Me., 269; *Hayden et al.* v. *Whitmore et al.*, 74 Me., 230.

This bar to the action was eliminated when Laura J. Bumpus, as already noted, discontinued as a plaintiff, it being proper under R. S. 1930, Chap. 96, Sec. 12, to strike out plaintiffs by amendment. It was decided in *Doherty et al.* v. *Bird et al.*, 116 Me., 416, 102 A., 229, that a plaintiff may be stricken out by amendment, and it cannot be material that the striking out originated in a motion of the parties eliminated to discontinue as plaintiffs rather than in a motion to

amend filed by the parties who continued the prosecution of the claim.

When the suit had been stripped down to an action by two plaintiffs seeking to recover twenty-one thirtieths of the rental, if that result may be assumed to have been accomplished by the striking out of three plaintiffs alleged to own nine undivided thirtieth parts of the title without amendment of the account annexed to the writ, the process was still subject to the technical objection that the plaintiff, United Feldspar & Minerals Corporation, was in fact, although the declaration alleges to the contrary, relying upon a non-negotiable chose in action assigned to it without filing the assignment or a copy thereof with its writ in accordance with the plain requirement of R. S. 1930, Chap. 96, Sec. 154. This omission, however, must be challenged by a defendant who desires to take advantage of it by a plea in abatement, *Weed* v. *Boston & Maine Railroad*, 124 Me., 336, 128 A., 696, and no such plea having been filed in the cause the deficiency was eliminated by the introduction in evidence of all assignments necessary to prove that the plaintiff in question had become the owner of the right to collect that half of the rental applicable to the share of the lessor, Allen E. Cummings, in the property at the time the lease was given, accruing prior to the date of its ownership thereof.

When the reversion following a leasehold estate is severed the rental reserved in the lease accruing thereafter is apportionable among the owners in accordance with their interests. 36 C. J., 380, Par. 1249; 7 R. C. L., 912, Par. 113; 14 Am. Jur., 163, Par. 97; *Bowser* v. *Cox*, 3 Ind. App., 309, 29 N. E., 616, 50 Am. St. Rep., 274; *Cole* v. *Patterson*, 25 Wend. (N. Y.) , 456. In *Kimball et al.* v. *Sumner et al.*, 62 Me., 305, it was declared that while tenants in common must always join in an action for injury to real property, because any damage thereto would be common to their estates, and must

either join or sever in actions *ex contractu*, according to the terms of the contract sued, when their title had been acquired subsequent to the execution of a contract they might be considered as having an option either to join or sever. In *Eveleth* v. *Sawyer*, 96 Me., 227, 52 A., 639, it was stated that this suggested right of election was subject to objection, but the point there raised, that any particular contract must entitle parties having similar interests under it to proceed either jointly or separately, has no application to the present facts. The contract under consideration was joint when made but the reversion was severed and the right to recover rent became apportionable when Allen E. Cummings conveyed his half of the title and again when the interest of Sybil E. Cummings passed by descent, if it did, to her heirs-at-law.

It seems unnecessary to consider the effect of the alleged acquisition by the defendant Laura J. Bumpus of three undivided thirtieth parts of the title which the declaration alleges vested in her as an heir-at-law of Sybil E. Cummings. If we assume the death of that lessor and the fact that Laura J. Bumpus was one of her heirs-at-law entitled to that share in her property which would represent three thirtieths of the entire title, she was not liable after such acquisition for the entire rent nor was she entirely discharged from all liability as one of the lessees, "but only *pro tanto*." 16 R. C. L., 939, Par. 446; 32 Am. Jur., 376, Par. 458; *Nellis* v. *Lathrop*, 22 Wend, (N. Y.), 121, 34 Am. Dec., 285.

When the case was heard the plaintiff United Feldspar & Minerals Corporation was possessed of a right in severalty to collect from the defendants that half of the accrued rental which its ownership of the earlier title of Allen E. Cummings represented, which right, as to the time prior to its acquisition of title, passed to it under assignments relating thereto. If it was in fact the owner of an additional five undivided thirtieth parts of the title and the assignee of the right to rental therefor prior to acquisition thereof, to make up the

full share it was alleged in the declaration to own, its evidence on the point was not so clearly sufficient that a decision to the contrary could be declared error of law.

Counsel for the plaintiffs frankly admitted at oral argument of the exceptions that no title in the plaintiff Laura J. Pinkham had been proved, and under the present process whereby the owner and assignee of a part is seeking to pursue its several right jointly with another person owning no part of the title, there is a misjoinder of plaintiffs which is a bar to the action. Such is the rule at common law, 39 Am. Jur., 994, Par. 119. A misjoinder of plaintiffs is not waived by failure to raise the issue in answer or demurrer, 47 C. J., 220, Par. 425 c; *Wintergerst* v. *Court of Honor*, 185 Mo., A., 373, 170 S. W., 346. The result would have been no different had the title alleged in Laura J. Pinkham been proved. Claims which are several cannot be united in a single action since a judgment for one of plural plaintiffs severally would not correspond with the declaration. *Ellison et al.* v. *New Bedford Five Cents Savings Bank*, 130 Mass., 48; *Adams et al.* v. *Richardson et al.*, 268 Mass., 78, 167 N. E., 254. The issue presented below was whether the two plaintiffs who continued to prosecute the action to its close were entitled to a joint judgment and decision contra presents no error.

*Exceptions overruled.*