Howard D. **GOLDENFARB** et al.

v.

**LAND DESIGN, INC.**

Supreme Judicial Court of Maine.

Dec. 31, 1979.

Norman & Hanson, Peter J. DeTroy, III (orally), Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Jotham D. Pierce, Jr., Portland, for plaintiffs.

Reagan, Adams & Hodsdon, Stephen Y. Hodsdon, Kennebunk (orally), for defendant.

Before POMEROY, WERNICK, ARCHIBALD, GODFREY and NICHOLS, JJ.

NICHOLS, Justice.

This appeal arises out of a claim which the owners of certain units in a residential condominium have asserted against the developer of the condominium, alleging that they do not have the parking areas which at the time of their respective purchases the developer represented each unit would have.

The Defendant, Land Design, Inc., planned and constructed the "Point Arundel" condominium apartments[1] at Kennebunk, Maine, in 1972–73. Acting through its principal agent, Robert Marier, Jr., the

---

1. *See generally* the Unit Ownership Act, 33 M.R.S.A. §§ 560 *et seq.*

Defendant sold a "large unit" in the condominium, together with an undivided interest in the common areas and facilities, to each of the four couples who are the Plaintiffs herein. Some of the remaining twenty units, not of uniform size, were sold by the Defendant to other buyers. Neither the other unit owners nor the association of unit owners was made a party to this litigation.

The Plaintiffs allege, and the Referee who pursuant to M.R.Civ.P. 53 received the evidence below found, that through Marier the Defendant expressly represented that the parking area would provide two parking spaces for each of the 14 "large units" and one parking space for each of the 10 "small units," making a total of 38 parking spaces. The Referee found, however, that, although 38 spaces had been delineated, only 35 of them were of adequate size, and the remaining three were inadequate.

Upon the evidence adduced the Referee concluded that the Defendant was liable to these Plaintiffs in damages; that the total damages sustained amounted to $3,900; and that the Plaintiffs, who owned four of the 24 units, should recover $975 per unit in damages.

When pursuant to M.R.Civ.P. 53(e) the Superior Court accepted the Referee's report and entered judgment accordingly, the Defendant appealed to this Court.

We sustain the Defendant's appeal on the issue of damages only.

The Defendant challenges the admissibility of evidence of oral representations made by its agent as to the parking spaces available to the Plaintiffs as unit owners, claiming it a violation of the parol evidence rule. The Defendant also challenges the sufficiency of the evidence as to the breach of contract.

■ The Purchase Agreements into which the Plaintiffs entered with the Defendant made no express provision for parking arrangements, purporting to con-vey to the owners of each unit only an undivided interest in the common areas and facilities described in the Declaration of Condominium. That declaration contained only a general statement which included parking in the definition of "common areas." The representations of the Defendant's agent, therefore, were properly admitted to clarify an ambiguity in the written documents. *T–M. Oil Co., Inc., v. Pasquale,* Me., 388 A.2d 82, 85 (1978); *Palmer v. Nissen,* 256 F.Supp. 497, 504 (D.C.Me.1966).[2]

An "entire agreement" clause in the Purchase Agreement prohibited a "change" in the Agreement that was not reduced to writing, but the agent's oral statements were a clarification and not a change. The "entire agreement" clause was not offended.

■ Neither does the Defendant take anything by the argument that these oral representations by the agent should have been excluded pursuant to the Statute of Frauds. 33 M.R.S.A. § 51. The Plaintiffs acquired title to their respective undivided interests in the common areas under their Purchase Agreements, which were in writing. The agent's representations neither added to, nor detracted from, the interests in real estate thereby conveyed.

■ We have carefully reviewed the evidence presented to the Referee and conclude there was sufficient evidence of a breach by the Defendant of its contract with the owners of each unit involved in this action.

We now address the more difficult question of damages.

■ We note that it was for the association of unit owners (which association was not made a party here), not the Defendant developer, to assign parking spaces. While there was evidence that the association assigned certain spaces and undertook to establish a priority system in the use of some parking spaces, such evidence is irrelevant

---

2. *See Peck Plaza Condominium v. Division of Florida Land Sales and Condominiums,* 371 So.2d 152 (Fla.App.1979) (jurisdiction to inter-pret ambiguous condominium document vested solely in the judiciary).

to the issue of damages for which the Defendant is liable. The Defendant's breach was in failing to provide within the common areas total space adequate for the parking of 38 vehicles, which space the Defendant had represented to the Plaintiffs would be provided for unit owners in the condominium.

■ The Defendant cannot escape liability for damages by suggesting that additional space can be made available for parking because an expansion of the parking areas would encroach, not upon land owned in fee by the Defendant, but upon land which is included in the common areas to which all unit owners share the title.

Paragraph 11 of the Declaration of Condominium provides:

> The percentages of interest of the respective Units in the common areas and facilities have been determined by the GRANTOR on the basis of the proportion which the fair value of each Unit bears to the fair value of all the Units at the time of recording hereof. The percentage of the undivided interest of each unit owner or owners in the common areas and facilities shall have a permanent character and shall not be altered without the consent of the record owners of all liens thereon and of all the unit owners expressed in an amendment to this Declaration duly recorded.

The parking areas were, as we have seen, part of the common areas in which the unit owners have undivided interests, the extent of which interests are determined by Paragraph 11.

■ When the Defendant failed to provide within the common areas the parking space the Defendant represented would be there and thus, as the court below found, breached its agreement with the Plaintiff unit owners, the damages sustained by each are computed by utilizing the same percentages.

---

**3.** On a cotenant's action for injury to real estate *cf.* 33 M.R.S.A. §§ 951–52; *United Feldspar & Minerals Corp. v. Bumpus,* 141 Me. 7, 12,

■ Upon competent evidence the Referee found the total damages resulting from this deficiency in parking spaces to amount to $3,900. Instead of finding the respective percentage of ownership interests of the Plaintiffs and awarding damages to them *pro tanto,* the Referee allocated to the Plaintiff owners of each of the four units involved in this action 25% of the total damages. Thus the Referee failed to consider in his award the percentages of ownership interests which the owners of other units in the condominium had in the same common areas.

The Superior Court adopted his report and entered judgment accordingly.

That was error.

■ The Plaintiff unit owners had a cause of action against the Defendant developer for damages suffered as a result of the representations found to have been made to them. *Welch v. Point of Americas Condominium Apartments,* 373 So.2d 60 (Fla.App.1979) (false representations concerning a purported common element). The Plaintiffs could bring their action without joinder of the other unit owners who, if like representations had been made to them, might have had similar claims against the developer. *Hayes v. Stephenson,* 192 Pa. Super. 392, 161 A.2d 900, 902 (1960) (cotenant's action on fire insurance policy).[3] In no event, however, can these Plaintiffs—cotenants with the other unit owners in all common areas—enforce their claims in this action beyond the extent of their respective interests.

The Referee's finding that as a result of the representations made to the Plaintiffs the Defendant must respond in damages, and his determination that the total loss represented by the deficiency in parking spaces was $3,900 were adopted by the Superior Court. Those conclusions may stand.

This cause must be remanded for (a) a finding of the respective percentage of ownership interests of the Plaintiffs and (b)

---

38 A.2d 164, 166 (1944); *Hobbs v. Hatch,* 48 Me. 55, 58 (1860).

an award to the Plaintiff unit owners of each unit represented in this cause of their aliquot portion of the total loss sustained by all the owners of the common areas.

The entry, therefore, is:

Appeal sustained in part only.

Judgment vacated.

Remanded to Superior Court for further proceedings consistent with the opinion herein.

McKUSICK, C. J., and GLASSMAN, J., did not sit.